IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEALY L. SKELDON, )<br>)<br>          Plaintiff, )<br>)<br>      v. )<br>)<br>DERMACARE USA CORPORATION, d/b/a )<br>"DERMACONCEPTS," a Massachusetts )<br>Corporation, ROBERT LEWIS TROW, an )<br>individual; CAROL SIMRA TROW, an individual, )<br>MICHAEL LUCICH, an individual; and )<br>BRITTANY PIKE, an individual, )<br>)<br>          Defendants. ) | Case No.: 25-cv-06078<br><br>Hon. Joan B. Gottschall<br>Magistrate Judge Jeffrey T. Gilbert |

**INDIVIDUAL DEFENDANTS' COMBINED
RULE 12(b)(2) and 12(b)(6) MOTION TO DISMISS**

Defendants Robert Trow ("Robert Trow"), Carol Trow ("Carol Trow"), Michael Lucich ("Lucich"), and Brittany Pike ("Pike") (together the "Individual Defendants") move this Court for an order dismissing Plaintiff's Complaint pursuant to Fed. R. of Civ. P. 12(b)(2) and 12(b)(6). In support of their motion, Individual Defendants state as follows:

1. On May 27, 2025, Plaintiff filed her Complaint asserting a variety of claims against her former employer, DermaCare USA Corporation d/b/a/ DermaConcepts ("DermaConcepts"), and the Individual Defendants.

2. Each of Plaintiff's claims against the Individual Defendants rely on alleged actions taken by the Individual Defendants outside of Illinois in response to Plaintiff's concerns regarding her employment. These allegations are insufficient to establish the requisite minimum contacts to allow this Court to exercise personal jurisdiction over the non-resident Individual Defendants.

3. Even taken as true, Plaintiff's Complaint only concerns *de minimis* phone and email communications on behalf of each of the Individual Defendants, which are inadequate to show

that Individual Defendants purposefully availed themselves of the State of Illinois to allow the exercise of personal jurisdiction.

4. Further, as to Individual Defendants Lucich and Pike, the fiduciary shield doctrine prohibits any finding of jurisdiction, as all allegations in the Complaint asserted against Lucich and Pike took place within the scope of their employment relationships with DermaConcepts.

5. Alternatively, none of the counts asserted against the Individual Defendants state a claim under Illinois law. For the reasons set forth in DermaConcepts' motion to dismiss and supporting memorandum, the retaliatory discharge, civil conspiracy, and tortious interference claims in the Complaint all fail to plead cognizable causes of action under Illinois law.

6. Likewise Plaintiff's count for intentional infliction of emotional distress should be dismissed for its failure to plead facts showing any extreme and outrageous conduct by Robert Trow, as is required under Illinois law.

7. Even accepting all well-pleaded facts in the Complaint as true, dismissal of the Complaint in its entirety as to the Individual Defendants is not only appropriate, but necessary.

8. In support of their motion to dismiss, Defendants submit herewith the accompanying Memorandum of Law.

WHEREFORE, Individual Defendants respectfully request that this Court enter an order dismissing the Complaint as to the Individual Defendants based on lack of personal jurisdiction, or in the alternative dismissing Counts V, VI, VII and VIII (*i.e.*, all of the Counts asserted against the Individual Defendants in the Complaint) with prejudice for failure to state a claim.

Dated: June 20, 2025                                    Respectfully submitted,

ROBERT LEWIS TROW, CAROL SMIRA TROW, MICHAEL LUCICH, and BRITTANY PIKE

By: <u>/s/ *Richard R. Winter*</u>
One of Their Attorneys

Richard R. Winter (#6195210)
William A. Ringhofer (#6339585)
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
richard.winter@hklaw.com
william.ringhofer@hklaw.com