IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEALY L. SKELDON, | ) | |
| | ) | Case No. 1:25-cv-06078 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | District Judge Joan B. Gottschall |
| DERMACARE USA CORPORATION, | ) | |
| *et al.*, | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY OBLIGATION TO ANSWER COUNTS NOT SUBJECT TO RULE 12 MOTIONS**

Plaintiff, Nealy L. Skeldon, by and through her attorneys at Williams, Bax & Saltzman, P.C., for her Opposition to Defendants' Motion to Stay Obligation to Answer Counts Not Subject to Rule 12 Motions ("Motion to Stay"), states as follows:

1. On June 16, 2025, Defendants filed a Motion to Stay their obligation to respond to all of Plaintiff's Complaint until twenty-one days after the Court's ruling on its 12(b) Motions to Dismiss, which Defendants filed on June 20, 2025. Plaintiff objects to Defendants' Motion to Stay both because a stay is not appropriate in this case, and also because the length of stay requested is too long.

2. Defendants' Motions to Dismiss addressed only Counts V, VI, VII, and VIII of the Complaint. These counts are respectively: Retaliatory Discharge in Violation of Illinois Public Policy; Intentional Infliction of Emotional Distress; Civil Conspiracy; and Tortious Interference with Prospective Economic Advantage. All of these counts are against individual Defendants, and two of the Counts include Dermacare as well as individual Defendants. Specifically, Count

1

V is against all Defendants, Count VI is against Rob Trow, Count VII is against All Defendants, and Count VIII is against all individual Defendants but not against Dermacare.

3. Even if the Court granted Defendants' Motions to Dismiss in full, Defendants would still have to respond to more than half of the Counts, including Counts I, II, III, IV, and IX. Respectively, these Counts include: Declaratory Judgment for Unenforceability of Non-Competition Agreement; Breach of Contract; Violation of Illinois Wage Payment and Collection Act; Violation of Illinois Right of Publicity Act; and Accounting. All of these Counts are against Dermacare, and none of them are against any individual Defendants.

4. Plaintiff objects that Defendants should not be granted any stay. As the Court persuasively stated in *Gerlach v. Michigan Bell Telephone Company*, "Separate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b). *See Gerlach v. Michigan Bell Tel. Co.*, 448 F.Supp. 1168, 1174 (E.D. Mich. 1978).

5. Defendants stated in their Motion to Stay that their request is "in the interest of judicial economy and to avoid potentially duplicative pleadings." *See* Motion to Stay, para. 5. But Defendants do not provide any support for this reasoning and it amounts to no more than speculation. *See Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-BBC, 2013 WL 6044407, at *4 (W.D. Wis. Nov. 14, 2013) (denying motion to stay "because the potential for issue simplification is speculative and a stay would be prejudicial to plaintiffs").

6. Plaintiffs cited to two cases, including first *Oil Express National, Inc. v. John D'Alessandro*, where the court allowed Plaintiffs an additional ten days to respond to all Counts of the Complaint after the court ruled on their partial 12(b) motion to dismiss. *Oil Express Nat., Inc. v. D'Alessandro*, 173 F.R.D. 219, 221 (N.D. Ill. 1997). In *Oil Express*, the Court cited

concerns that not extending time to answer on all counts "would result in possibly duplicative sets of pleadings in the event that the 12(b) motion is denied, and could cause confusion over the proper scope of discovery during the motion's pendency." *Id.* But duplicative pleadings and confusion over the proper scope of discovery is not a concern here, where Defendants' 12(b) Motions targeted only aspects of the Complaint that included individual Defendants. The unaddressed Counts include allegations against only Dermacare and are of an entirely different nature, focusing on details of contracts, marketing documents, accounting, and wages. So there will be no confusion or redundancy in either pleadings or in discovery related to these unaddressed Counts.

7. Moreover, the claims that were not addressed by Defendants' Motions to Dismiss are more time sensitive. In Count I of her Complaint, Skeldon states that the non-competition agreement, which she believes is unenforceable, is currently limiting her ability to fully perform her duties for her new employer. And in Count IV of her Complaint, Skeldon states that Defendants are continuing to use her identity for marketing purposes. Accordingly, Skeldon's rights would be prejudiced by any additional delay relating to these Counts.

8. Finally, Defendants have not met their burden to show that the requested "stay will *not* prejudice Plaintiff and will *not* give defendants a tacit advantage". *See Ultratec* at *4; *See also Nken v. Holder*, 556 U.S. 418, 433-34, 129 S. Ct. 1749, 1760-61, 173 L. Ed. 2d 550 (2009) (stating that "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that [judicial] discretion" and noting that there is a substantial overlap between the factors Courts consider when granting stays as when granting preliminary injunctions). For all of these reasons, Defendants' Motion for a Stay should be denied.

9. Additionally, Plaintiff objects to the length of Defendants' requested stay. As Defendants acknowledged in their Motion to Stay, their deadline to respond to the Complaint was on June 19, 2025, which was effectively June 20, 2025 because of the federal holiday. Accordingly, Defendants have already delayed their Answer through bringing their Motion to Stay and not responding to the full Complaint by June 20, 2025.

10. Defendants also cited to *Intercom Ventures, LLC v. FasTv, Inc.*, Case No. 13 C 232, 2013 WL 2357621, where the court allowed an extension of 14 days for all counts, though one count was not addressed in the 12(b) Motion. Indeed, although Fed. R. Civ. P. 12(a)(4)(A) is unclear regarding whether the deadline applies only to the aspects of the Complaint disputed in a Rule 12 motion, it clearly states that, "[u]nless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served **within 14 days** after notice of the court's action." [emphasis added]. So under Rule 12, fourteen days is the contemplated extension, not twenty-one days. Defendants offered no facts or arguments to support why the Court should allow for a longer extension than Rule 12 contemplates.

**WHEREFORE**, Plaintiff Skeldon respectfully requests that the Court deny Defendants' Motion to Stay its obligation to respond to all Counts, and enter an order directing Defendants to Answer the Counts that were not addressed by Defendants' 12(b) Motions swiftly, as their Answer is already overdue.

          Respectfully submitted,

          **NEALY L. SKELDON**

          By: /s/ Hilarie M. Carhill_____
          One of the Attorneys for Plaintiff

Thomas C. Koessl (ARDC #6239337)
Hilarie Carhill (ARDC #6340312)
WILLIAMS, BAX & SALTZMAN, P.C.
221 N. LaSalle St., Suite 3700
Chicago, IL 60601
P: (312) 372-3311
F: (312) 372-5720
koessl@wbs-law.com
carhill@wbs-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 24, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                             */s/ Hilarie M. Carhill*