IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEALY L. SKELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-06078 |
| v. | ) | |
| | ) | |
| DERMACARE USA CORPORATION, d/b/a | ) | |
| "DERMACONCEPTS," a Massachusetts | ) | |
| Corporation, ROBERT LEWIS TROW, an | ) | |
| individual; CAROL SIMRA TROW, an individual, | ) | Hon. Joan B. Gottschall |
| MICHAEL LUCICH, an individual; and | ) | Magistrate Judge Jeffrey T. Gilbert |
| BRITTANY PIKE, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**DERMACARE USA CORPORATION d/b/a DERMACONCEPTS'
REPLY IN SUPPORT OF ITS MOTION TO STAY OBLIGATION
TO ANSWER COUNTS NOT SUBJECT TO RULE 12 MOTIONS**

Defendant DermaCare USA Corporation d/b/a/ DermaConcepts ("DermaConcepts") for its reply in support of its motion to stay its obligation to answer the remaining counts in Plaintiff's Complaint (the "Motion"), states as follows:

1. After being informed by Plaintiff's counsel that Plaintiff intended to oppose the Motion, DermaConcepts filed the Motion on June 16, 2025 (ECF No. 10) and noted that Plaintiff opposed the Motion.

2. The Court entered a Minute Order (ECF. No. 11) administratively staying DermaConcepts' deadline to answer the Complaint, and directing Plaintiff to file an opposition by June 24, 2025 and DermaConcepts to file a reply by June 26, 2025.

3. Plaintiff filed an opposition to the Motion (the "Opposition") on June 24, 2025 (ECF No. 18).[1]

---

[1] DermaConcepts timely filed its motion to dismiss on June 20, 2025 (ECF No. 12).

4. DermaConcepts submits this reply to address three issues raised by the Opposition: 1) the Opposition's reliance on out-of-jurisdiction and inapposite case law; 2) the length of stay requested by DermaConcepts; and 3) the Opposition's contention that DermaConcepts' answer is "already overdue." *See* Opposition at 4.

5. To support the position that a partial motion to dismiss under Fed R. Civ. P. 12 does not stay a defendant's obligation to answer the counts not addressed by the motion, Plaintiff relies on a nearly 50-year-old case from the Eastern District of Michigan (*Gerlach v. Michigan Bell Tel. Co.*, 448 F.Supp. 1168, 1174 (E.D. Mich. 1978)) that describes the "minority" view on this issue. Indeed, one commentator has noted that *Gerlach* is the "lone reported decision to hold that a partial motion tolls the time to answer only for the claims being challenged in the motion." *See* Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary § 12:12 (2025); *see also Doshi v. Blinken*, No. CV 23-3613 (RC), 2024 WL 3509486, at *10 (D.D.C. July 22, 2024) (contrasting *Gerlach* to "majority view" that partial motion to dismiss stays obligation to answer). In addition, the Sixth Circuit has since recognized the majority rule that the "timely filing of a motion to dismiss suspend[s a defendant's] obligation to file a responsive pleading." *Phoenix v. Wormuth*, No. 23-5130, 2023 WL 9660884, at *4 (6th Cir. Nov. 13, 2023). In any event, this District follows the majority view. *See Oil Express Nat., Inc. v. D'Alessandro*, 173 F.R.D. 219, 221 (N.D. Ill. 1997) (following majority view that "a partial motion to dismiss allows for altering the limits of Fed. R. Civ. P. 12(a) with respect to answering those claims not addressed in Defendants' motion"); *Intercom Ventures, LLC v. FasTV, Inc.*, Case No. 13 C 232, 2013 WL 2357621 at *7 (N.D. Ill. May 28, 2013) (same).

6. The only other citations to case law the Opposition musters to support its position did not involve stays to a defendant's obligation to answer the complaint in light of a partial

motion to dismiss and thus their reasoning is inapplicable to the situation and should be disregarded. *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-BBC, 2013 WL 6044407 (W.D. Wis. Nov. 14, 2013) is a patent case where the defendants moved to *stay the entire case* pending the *inter partes* review of the at-issue patents by the Patent Trial and Appeal Board of the U.S. Patent and Trademark Office, and *Nken v. Holder*, 556 U.S. 418 (2009) involved a non-citizen petitioner who applied to the U.S. Supreme Court for a stay of his removal proceedings pending judicial review of the removal order. Plainly, these cases involved factors and considerations that are inapplicable to DermaConcepts' Motion, which seeks merely a routine and frequently granted stay of its obligations in order to conserve its and the Court's resources, and to streamline the case.

7. In addition, the Opposition's attempts to distinguish *Oil Express Nat., Inc. v. D'Alessandro*, 173 F.R.D. 219, 221 (N.D. Ill. 1997), are unconvincing. The Opposition argues that "duplicative pleadings and confusion over the proper scope of discovery is not a concern here, where Defendants' 12(b) Motions targeted only aspects of the Complaint that included individual Defendants." Opposition at 3, ¶ 6. This argument ignores the fact that the counts targeted by DermaConcepts' motion to dismiss were asserted against it *and* the Individual Defendants. This means that if DermaConcepts were forced to answer the Complaint before the Court ruled on its motion to dismiss, it would need to answer counts that could potentially be dismissed, and then likely amend that answer after the Court rules on dismissal. In addition, DermaConcepts could potentially be forced to engage in discovery regarding counts that ultimately are dismissed during the pendency of the motion.

8. Next, the Opposition takes issue with the fact that the Motion requested 21 days from the date the Court acts on DermaConcepts' motion to dismiss to file an answer.

#523793260_v1

DermaConcepts seeks this additional time beyond the 14 days listed in Fed R. Civ. P. 12(a)(4)(A) only due to the length of Plaintiff's 61-page, 441-paragraph Complaint. It is within the Court's discretion to allow a stay beyond the limits of Fed R. Civ. P. 12. *See generally Pfizer, Inc. v. Apotex Inc.*, 640 F. Supp.2d 1006, 1007 (N.D. Ill. 2009) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"), quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Regardless, DermaConcepts is prepared to answer the Complaint within 14 days of the Court's decision on its motion to dismiss if the Court so orders.

9. Lastly, the Opposition claims that DermaConcepts' answer is "already overdue." *See* Opposition at 4. This assertion is false and ignores the Court's Minute Order (ECF. No. 11) administratively staying DermaConcepts' deadline to answer the Complaint.

WHEREFORE, Defendant DermaConcepts respectfully requests that this Court grant this motion and stay its deadline to answer any remaining Counts in the Complaint until 21 days (or alternatively, 14 days) following a ruling on its motion to dismiss.

Dated: June 26, 2025

Respectfully submitted,

DERMACARE USA CORPORATION,
d/b/a/ DERMACONCEPTS,

By: /s/ *Richard R. Winter*
      One of Its Attorneys

Richard R. Winter
William A. Ringhofer
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
richard.winter@hklaw.com
william.ringhofer@hklaw.com

#523793260_v1