IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nealy L. Skeldon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-CV-6078 |
| v. | ) | |
| | ) | Honorable Joan B. Gottschall |
| DermaCare USA Corp., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant DermaCare USA Corp. moves to stay its deadline to answer all counts of the complaint while the parties brief Federal Rule of Civil Procedure 12(b) motions to dismiss certain counts. Rule 12(a) sets an answer deadline, twenty-one days for a private-party defendant. *See* Fed. R. Civ. P. 12(a)(1); *see also* Fed. R. Civ. P. 81(c)(2). Rule 12(a)(4) creates an exception when a Rule 12(b) motion, or any Rule 12 motion, is filed: "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). *Perry v. Sullivan*, 207 F.3d 379, 382–83 (7th Cir. 2000), holds that a defendant need not answer the complaint before receiving a decision on a Rule 12(b) motion to dismiss a portion of it. This allows "the defendant to understand the complaint clearly before filing a response," meaning an answer. *Id*. at 383; accord *Intercom Ventures, LLC v. FASTV, Inc.*, 2013 WL 2357621, at *6–7 (N.D. Ill. May 28, 2013); 5B Arthur R. Miller & A. Benjamin Spencer, FEDERAL PRACTICE & PROCEDURE, § 1346 & n.20 (West 2025).

Accordingly, defendant's motion to stay its deadline to answer the complaint is granted, though entering a stay is unnecessary. Defendants' answer is due fourteen days after the court rules on defendants' Rule 12(b) motions. Defendant's request for an additional seven days is denied without prejudice because such a request must be made by motion rather than in a reply brief.

Date: June 26, 2025 /s/ Joan B. Gottschall
United States District Judge