IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEALY L. SKELDON, Plaintiff, | Case No. 1:25-cv-06078 |
| v. | |
| | District Judge Joan B. Gottschall |
| DERMACARE USA CORPORATION, *et al.*, | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | |

**INITIAL JOINT STATUS REPORT**

Pursuant to Judge Gottschall's June 13, 2025 order [Dkt No. 9], parties are filing this Initial Joint Status Report:

1. *Requirement for preliminary meeting, prior to scheduled status report, between opposing counsel to explore settlement opportunities and identify areas of agreement.*

On June 26, 2025, opposing parties' counsel had a preliminary meeting to explore settlement opportunities and identify areas of agreement. Counsel present included Richard Winter and Doug Sweeney for the Defendants, and Thomas Koessl and Hilarie Carhill for the Plaintiff.

2. *The attorneys of record and lead attorneys include*:

Counsel for the Plaintiff, Nealy L. Skeldon:

**Vlad V. Chirica**
Chirica Law Office LLC
203 N. LaSalle Street, Suite 2100
Chicago, IL 60601
312.868.0331
vlad@chirica.law

**Thomas C. Koessl (lead attorney)** and **Hilarie M. Carhill**
Williams, Bax & Saltzman
221 N. LaSalle St.

Suite 3700
Chicago, IL 60601
312.372.3311
koessl@wbs-law.com
carhill@wbs-law.com

Counsel for the Defendants Dermacare USA Corporation d/b/a DermaConcepts, Robert L. Trow, Carol S. Trow, Michael Lucich, and Brittany Pike:

**Richard R. Winter (lead attorney)**, and **William A. Ringhofer**
Holland & Knight LLP
150 N. Riverside Plaza
Suite 2700
Chicago, IL 60606
312.715.5796
richard.winter@hklaw.com
william.ringhofer@hklaw.com

3. *The basis of subject matter jurisdiction:*

   This Court has subject matter jurisdiction pursuant to sections 5/2-209(a) and (b) of the Illinois Code of Civil Procedure (735 ILCS 5/2-209(a) and (b).

4. *A brief description of (a) the nature and scope of the case; (b) the principal legal issues; and (c) the principal factual issues:*

   Plaintiff's description:

   a. The nature of this case is related to Plaintiff's previous employment and separation from Dermacare, and Dermacare's ongoing efforts to enforce a non-competition agreement and continue to use Plaintiff's name and identity for marketing purposes.

   b. This case involves multiple legal issues, including allegations that Defendants: cannot enforce the non-competition agreement that is currently limiting Plaintiff's employment; breached its contract with Plaintiff; violated the Illinois Wage Payment and Collection Act (IWPCA); continues to violate the Illinois Right of Publicity Act; engaged in retaliatory discharge; intentionally inflicted emotional distress; engaged in civil conspiracy; engaged in tortious interference with prospective economic advantage; and accounting.

   c. Factual issues include: whether Plaintiff experienced retaliation after she was identified in another employee's lawsuit, leading to her constructive discharge; whether Plaintiff was paid everything that she was due under

2

Dermacare's practices, her contract, and the IWPCA; whether Dermacare continued to/is using Plaintiff's name and identity for marketing purposes after her employment ended and without her consent; and whether the non-competition agreement is enforceable.

Defendants' description:

a. Nature and scope of the case: Plaintiff first alerted Defendants about her concerns regarding her employment when she submitted a written complaint to Robert Trow on March 20, 2025. This written complaint alleged discrimination, hostile work environment and discrepancies in Plaintiff's pay, among other claims. Defendants took Plaintiff's concerns seriously and, as such, hired an outside investigator to look into Plaintiff's allegations. Plaintiff refused to cooperate with the investigation and essentially resigned her position less than two weeks after having submitted her written complaint. Counsel for Plaintiff and counsel for DermaConcepts then exchanged letters setting forth the parties' positions, and Plaintiff subsequently filed a lawsuit against Defendants in Illinois state court on May 27, 2025. Defendants removed the case to this Court on May 30, 2025. The Individual Defendants filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim against all counts asserted against them. DermaConcepts filed a partial motion to dismiss as to three of the counts asserted against it.

b. Principal legal issues include: (1) Whether the Non-Solicitation and Non-Competition Agreement Plaintiff signed with DermaConcepts in 2013 is enforceable; (2) Whether Plaintiff was properly compensated by DermaConcepts under the terms of her employment and in accordance with the requirements of the Illinois Wage Payment and Collection Act; (3) Whether DermaConcepts violated the Illinois Right of Publicity Act where approximately five marketing emails containing Plaintiff's name were sent after Plaintiff resigned; (4) Whether Plaintiff can maintain a claim for retaliatory discharge against the Defendants that is premised solely on alleged violations of the Illinois Human Rights Act; (5) Whether Robert Trow's actions as alleged in the Complaint (sending Plaintiff messages and memes, requiring her to travel to a meeting while Plaintiff had COVID-19 in 2023, ceasing contact with her, denying expense reimbursements and viewing Plaintiff's LinkedIn profile) were extreme and outrageous so as to constitute intentional infliction of emotional distress; (6) Whether DermaConcepts engaged in a civil conspiracy with the Individual Defendants, and whether the Individual Defendants engaged in a civil conspiracy among themselves; and (7) Whether Defendants tortiously interfered with Plaintiff's prospective economic advantage by having DermaConcepts' counsel explain the company's position on the enforceability of Plaintiff's Non-Solicitation and Non-Competition Agreement in two letters to Plaintiff's counsel.

      c.    Principal factual issues include: (1) Whether Plaintiff violated her Non-Solicitation and Non-Competition Agreement; (2) Whether Plaintiff was compensated in accordance with the terms of her employment; (3) Whether Plaintiff's departure from DermaConcepts was a resignation or a constructive discharge, and the date that Plaintiff's resignation or constructive discharge was effective; (4) Whether Plaintiff suffered emotional distress so severe that no reasonable individual could be expected to endure it; and (5) The extent of Plaintiff's alleged damages, if any.

5.    *Identify any parties who have not yet been served in accordance with Federal Rule of Civil Procedure 4:*

    None.

6.    *Do parties consent to reassignment of the case to the designated magistrate judge?*

    Parties do not consent to reassignment of the case to the designated magistrate judge.

7.    *Whether any party demanded or expects a jury trial:*

    Plaintiff Nealy Skeldon demanded a jury trial.

8.    *Describe any discovery that has occurred and any anticipated in the future:*

    Parties have not exchanged discovery yet. Parties anticipate that discovery will include written fact discovery and depositions.

9.    *Identify settlement opportunities:*

    Parties have been engaging in ongoing settlement discussions, but discussions have not been fruitful.

10.    *Proposed deadline for filing the next status report and proposed discovery schedule complying with Federal Rule of Civil Procedure 16(b)(3), including proposed deadlines for joining parties, amending pleadings, completing discovery, and filing dispositive and other motions.*

Parties propose filing the next status report seven days after the Court rules on Defendants' Motion to Stay or Motion to Dismiss. In that status report, parties plan to submit a proposed discovery schedule, complying with Federal Rule of Civil Procedure 16(b)(3) and including proposed deadlines for joining parties, amending pleadings, completing discovery, and filing dispositive and other motions.

Respectfully submitted,

| | |
|---|---|
| **DERMACARE USA CORPORATION, d/b/a/ DERMACONCEPTS,** | **NEALY SKELDON,** |
| By: /s/ Richard R. Winter (with permission) | By: /s/ Hilarie M. Carhill |
| One of the Attorneys for Defendants | One of the Attorneys for Plaintiff |
| Richard R. Winter | Thomas C. Koessl (ARDC #6239337) |
| William A. Ringhofer | Hilarie Carhill (ARDC #6340312) |
| HOLLAND & KNIGHT LLP | WILLIAMS, BAX & SALTZMAN, P.C. |
| 150 N. Riverside Plaza, Suite 2700 | 221 N. LaSalle St., Suite 3700 |
| Chicago, IL 60606 | Chicago, IL 60601 |
| (312) 263-3600 | P: (312) 372-3311 |
| richard.winter@hklaw.com | koessl@wbs-law.com |
| william.ringhofer@hklaw.com | carhill@wbs-law.com |