**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NEALY L. SKELDON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-06078 |
| | ) | |
| v. | ) | District Judge Joan B. Gottschall |
| | ) | |
| DERMACARE USA Corporation d/b/a | ) | Magistrate Judge Jeffrey T. Gilbert |
| DERMACONCEPTS, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S COUNTERCLAIM**

Now comes Plaintiff Nealy L. Skeldon by and through her attorneys, Williams, Bax &

Saltzman, P.C., to answer Defendant DermaCare USA Corporation d/b/a DermaConcepts

("DermaConcepts") Counterclaim as follows:

1. Counterclaim Defendant is a former employee of DermaConcepts.

   **ANSWER:** Admitted.

2. In connection with the start of Counterclaim Defendant's employment with

   DermaConcepts and in exchange for $1,000 and other consideration, Counterclaim

   Defendant signed an "Employee Confidentiality Agreement" (the "Confidentiality

   Agreement"). A true and accurate copy of the Confidentiality Agreement is attached

   hereto as Exhibit A.

   **ANSWER:** Skeldon admits that DermaConcepts gave her $1,000. Denied, to the extent

that the $1,000 was not given to Skeldon at the time of signing the confidentiality agreement, but

three months after she had been working for DermaConcepts. Denied further to the extent that

1

the $1,000 was purportedly not only related to the confidentiality agreement, but also to employment agreement, non-compete and non-solicit agreement.

3.  The Confidentiality Agreement defines "Confidential Information" as:

    any and all DermaCare proprietary information or materials, including, but not limited to, techniques, methodology, equipment, programs, software, data, databases, reports, know-how, sources of supp)y, customers, consultants and business plans, including any negative developments which are communicated to, learned of, developed or otherwise acquired by Employee during the Employment Period, or in the course of, or in connection with Employee's employment with DermaCare or in connection with any services Employee provided to DermaCare prior to becoming an employee of DermaCare and/or in contemplation of becoming an employee of DennaCare, as well as information concerning the existence and scope of DermaCare activities and the activities of DermaCare's clientele, including without limitation, their research, development and marketing activities.

Ex. A at § 1(b).

**ANSWER:** Skeldon admits only that the quotation from the Confidentiality Agreement is, with some typos, accurately transcribed.

4.  Further, the Confidentiality Agreement provides that:

    Upon termination of the Employment Period or at any other time upon request of DermaCare, Employee shall promptly deliver to DermaCare all physical Confidential Information, including, without limitation, all records, files, memoranda. notes, reports, lists, programs and other documents and items (and all copies or reproduction of such

2

materials) relating to the business of DermaCare and/or to the business of DermaCare Clients.

Ex. A at § 2(c).

**ANSWER:** Skeldon admits that the quotation from the Confidentiality Agreement is accurately transcribed.

5.  In connection with her employment, Counterclaim Defendant received a laptop computer for which DermaConcepts ultimately paid (the "Laptop") so that she could perform work for DermaConcepts.

**ANSWER:** Skeldon admits that DermaConcepts reimbursed her for her computer purchase. Deny characterization that Skeldon "received" the laptop from DermaConcepts, as DermaConcepts did not order Skeldon's computer or provide it to her.

6.  Counterclaim Defendant acknowledged in writing that the Laptop was her "work computer."

**ANSWER:** Skeldon admits that she referenced the laptop as her "work computer." Denied to the extent that Skeldon did not represent that she used the laptop only for work, or that the laptop was DermaConcepts's property or issued by DermaConcepts.

7.  DermaConcepts booked the Laptop as an asset on its balance sheet.

**ANSWER:** Skeldon is without knowledge or information sufficient to form a belief as to DermaConcepts' entries on its balance sheet and therefore denies the allegation.

8.  As part of her employment with DermaConcepts, Counterclaim Defendant regularly stored Confidential Information on the Laptop.

**ANSWER:** Denied.

3

9. Counterclaim Defendant resigned her employment from DermaConcepts, effective April 8, 2025.

**ANSWER:** Skeldon admits that she resigned from her employment with DermaConcepts, but denies that she resigned on April 8, 2025. Skeldon resigned on March 31, 2025.

10. Following her resignation, Counterclaim Defendant did not return to DermaConcepts the Laptop or the Confidential Information stored on the Laptop.

**ANSWER:** Skeldon admits that she did not give her laptop to DermaConcepts, but denies the characterization that she would have been "return[ing]" the laptop to DermaConcepts, as it was her personal computer that was not issued by DermaConcepts. Skeldon denies the remaining allegations in Paragraph 10.

11. Upon information and belief, Confidential Information still remains on the Laptop.

**ANSWER:** Denied.

12. DermaConcepts asked Counterclaim Defendant to return the Laptop on multiple occasions, including by letters to her attorney on April 10, 2025 and May 13, 2025.

**ANSWER:** Admitted.

13. Counterclaim Defendant did not return the Laptop.

**ANSWER:** Skeldon admits that she did not give DermaCare her laptop, but denies the characterization that she would have been "return[ing]" the laptop.

14. Counterclaim Defendant continues to retain the Laptop.

**ANSWER:** Admitted.

**COUNT I: Breach of Contract**

4

15. DermaConcepts repeats and incorporates by reference the allegations set forth in each of the foregoing paragraphs.

   **ANSWER:** Skeldon restates her responses to the preceding allegations in the counterclaim.

16. The Confidentiality Agreement is a binding and enforceable contract between DermaConcepts and Counterclaim Defendant.

   **ANSWER:** Denied.

17. DermaConcepts fully performed and did not breach its obligations to Counterclaim Defendant under the Confidentiality Agreement.

   **ANSWER:** Denied to the extent that DermaConcepts did not have any obligations under the Confidentiality Agreement.

18. Counterclaim Defendant materially breached the Confidentiality Agreement by failing to return to DermaConcepts both the Laptop and the Confidential Information stored on it.

   **ANSWER:** Denied.

**COUNT II: Conversion**

19. DermaConcepts repeats and incorporates by reference the allegations set forth in each of the foregoing paragraphs.

   **ANSWER:** Skeldon restates her responses to the preceding allegations in the counterclaim.

20. DermaConcepts has a right to the Laptop as it effectively purchased it only so that Counterclaim Defendant could use it in the course of her employment with DermaConcepts.

5

**ANSWER:** Denied.

21. Following her resignation from DermaConcepts, Counterclaim Defendant's control, dominion, and possession of the Laptop became unauthorized and wrongful.

    **ANSWER:** Denied.

22. DermaConcepts has a right to immediate possession and control of the Laptop, absolutely and unconditionally.

    **ANSWER:** Denied.

23. DermaConcepts has demanded that Counterclaim Defendant return the Laptop to it and Counterclaim Defendant has not done so.

    **ANSWER:** Admitted.

24. DermaConcepts restates its demand for the return of the Laptop.

    **ANSWER:** Denied that DermaConcepts is entitled to the laptop.

## DEFENSES

Skeldon asserts the following defenses to the Counterclaim. Skeldon reserves the right to amend and add to these defenses:

1. DermaCare's claims are barred, in whole or in part, through failure to state a valid claim for relief.

Respectfully Submitted,

**NEALY L. SKELDON,**

By: /s/ Hilarie M. Carhill
One of Her Attorneys

Thomas C. Koessl (ARDC #6239337)
Hilarie Carhill (ARDC #6340312)
WILLIAMS, BAX & SALTZMAN, P.C
221 N. LaSalle St., Ste. 3700
Chicago, Illinois 60601
P: (312) 372-3311
E:      koessl@wbs-law.com
        carhill@wbs-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 4, 2025, the foregoing Plaintiff's Response to Defendant's Counterclaim was served on Defendant via email, at: richard.winter@hklaw.com and william.ringhofer@hklaw.com.

*/s/ Hilarie M. Carhill*