




**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NEALY L. SKELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-06078 |
| v. | ) | |
| | ) | District Judge Joan B. Gottschall |
| DERMACARE USA Corporation d/b/a | ) | |
| DERMACONCEPTS, Robert Lewis Trow, | ) | Magistrate Judge Jeffrey T. Gilbert |
| Carol Smira Trow, Michael Lucich, and | ) | |
| Brittany Pike | ) | |
| | | |
| Defendants. | | |

**PLAINTIFF'S MOTION TO ENFORCE STAY AND FOR SANCTIONS AGAINST DEFENDANT AND DEFENDANT'S COUNSEL FOR VIOLATION OF COURT ORDER**

Plaintiff Nealy L. Skeldon ("Ms. Skeldon"), proceeding pro se, respectfully moves this Court for an order imposing sanctions against Defendant DermaCare USA Corporation ("DermaConcepts") and its counsel of record, Holland & Knight LLP, pursuant to Federal Rule of Civil Procedure 37(b) and the Court's inherent authority to sanction bad-faith conduct. In support of this motion, Ms. Skeldon states as follows:

## INTRODUCTION

This motion arises from DermaConcepts counsel's willful and flagrant violation of this Court's clear and unambiguous Order of October 24, 2025, which stayed all discovery in this matter for a period of 30 days. Despite this explicit prohibition, DermaConcepts' counsel not only served improper discovery demands and a deposition notice on Ms. Skeldon during the stay period but compounded the violation by sending the improper communications twice, via both email and Federal Express. When Ms. Skeldon reminded counsel of the active stay, counsel ignored the

Court’s Order and instead doubled down on their improper conduct. This behavior demonstrates a brazen disregard for the authority of this Court and constitutes a bad-faith effort to harass and intimidate Ms. Skeldon. Sanctions are necessary to remedy the prejudice to Ms. Skeldon and to deter such misconduct in the future.

## BACKGROUND

1. On October 24, 2025, this Court entered a minute order (Dkt. No. 42) granting the withdrawal of Ms. Skeldon’s former counsel. Recognizing that Ms. Skeldon would need time to secure new representation, the Court explicitly ordered: "Discovery is stayed for 30 days to allow plaintiff to search for a new attorney, assuming she wishes to do so." The stay was effective through and including November 24, 2025.

2. On November 18, 2025, a mere six days before the stay was set to expire, DermaConcepts’ counsel, Douglas R. Sweeney of Holland & Knight LLP, willfully violated this Order by sending an email directly to Ms. Skeldon.

3. This email contained several attachments intended to advance discovery: (i) a letter demanding that Ms. Skeldon provide her positions for a joint status report; (ii) a draft of that status report pre-filled with DermaConcepts’ positions; and (iii) a formal "Notice of Deposition," scheduling Ms. Skeldon’s deposition for January 13, 2026.

4. To compound this violation, DermaConcepts’ counsel also sent a physical package via Federal Express containing the exact same improper discovery-related documents, ensuring Ms. Skeldon was confronted with the violation multiple times.

5. Upon receipt of these improper communications, Ms. Skeldon sent an email to DermaConcepts’ counsel. In that email, Ms. Skeldon clearly and respectfully reminded counsel that the Court’s 30-day discovery stay was still in effect and, therefore, their attempt to notice her deposition and demand action on discovery matters was improper.

6. In a stunning display of disregard for a direct court order, DermaConcepts counsel's responding email completely ignored Ms. Skeldon’s reference to the stay. Instead of acknowledging their violation, counsel doubled down, reiterating their intention to proceed with

scheduling and stating their expectation for Ms. Skeldon to cooperate with their improper demands.

## LEGAL ARGUMENT

DermaConcepts counsel's actions warrant sanctions under both Federal Rule of Civil Procedure 37(b) and the Court's inherent authority.

### A. Sanctions are Warranted Under Rule 37(b) for Violation of a Court Order.

Federal Rule of Civil Procedure 37(b)(2) grants district courts broad discretion to impose sanctions "as are just" when a party or its attorney "fails to obey an order to provide or permit discovery." The Seventh Circuit has confirmed that "a district court possesses wide latitude in fashioning appropriate sanctions." *e360 Insight v. The Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011).

Here, the Court’s October 24, 2025 Order explicitly staying "all discovery" is an order governing the conduct of discovery in this case. DermaConcepts counsel’s actions—serving a deposition notice and demanding a joint discovery plan—are a direct and unambiguous violation of that Order. This violation was not a minor or technical one; it struck at the very purpose of the stay, which was to provide Ms. Skeldon a protected period, free from the pressures of discovery, to secure new counsel. Counsel's refusal to cease their improper conduct even after being reminded of the Order underscores the willfulness of their violation and makes sanctions under Rule 37(b) particularly appropriate.

### B. The Court's Inherent Power Authorizes Sanctions for Counsel's Bad-Faith Conduct.

Beyond the Federal Rules, this Court has the inherent authority to "impose sanctions for litigation conduct that is abusive or in bad faith." *Dal Pozzo v. Basic Machinery Co., Inc.*, 463

F.3d 609, 614 (7th Cir. 2006). The conduct of DermaConcepts' counsel constitutes a clear case of bad faith.

The violation was not a simple mistake or oversight. This is proven by three key facts: (1) counsel sent the improper communications twice, via both email and FedEx, demonstrating a deliberate effort to press forward with discovery; (2) counsel attached a copy of the stay order itself to their letter, proving they were aware of its existence and terms; and (3) when Ms. Skeldon reminded counsel of the stay, counsel ignored the reminder and persisted in their improper course of conduct.

This pattern of behavior can only be interpreted as a bad-faith litigation tactic designed to harass, intimidate, and gain an unfair advantage over a pro se litigant. Counsel's actions have prejudiced Ms. Skeldon by forcing her to divert her limited time and resources away from her search for new counsel to address these needless and improper violations. This is precisely the type of abusive conduct that the Court's inherent power is meant to deter and punish.

## CONCLUSION AND PRAYER FOR RELIEF

DermaConcepts' counsel has demonstrated a willful and bad-faith disregard for a direct Order of this Court. This misconduct has prejudiced a pro se litigant and undermined the integrity of the judicial process. Accordingly, sanctions are necessary and appropriate.

WHEREFORE, Plaintiff Nealy L. Skeldon respectfully requests that this Court enter an Order granting this motion to enforce the stay, and imposing the following sanctions upon DermaConcepts and its counsel, Holland & Knight LLP:

A. Awarding Ms. Skeldon her reasonable costs, including time expended, in connection with preparing and filing this Motion;
B. Striking DermaConcepts' improperly served Notice of Deposition; and

C. Granting any and all other relief the Court deems just and proper to deter future misconduct.

Dated: December 11, 2025

Respectfully submitted,

*/s/ Nealy L. Skeldon*

Nealy L. Skeldon, Plaintiff Pro Se
9438 Trillium Lane
Orland Park, IL 60487-1002
P:(773) 573-4644
skeldonlegal@gmail.com

**CERTIFICATE OF SERVICE**

I, Nealy L. Skeldon, hereby certify that on December 11, 2025, I served a true and correct copy of the foregoing Plaintiff's Motion to Enforce Stay and for Sanctions via email to counsel of record for DermaConcepts:

Douglas R. Sweeney
HOLLAND & KNIGHT LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Douglas.Sweeney@hklaw.com

*/s/ Nealy L. Skeldon*

Nealy L. Skeldon