



FILED
12/11/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NEALY L. SKELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-06078 |
| v. | ) | |
| | ) | District Judge Joan B. Gottschall |
| DERMACARE USA Corporation d/b/a | ) | |
| DERMACONCEPTS, Robert Lewis Trow, | ) | Magistrate Judge Jeffrey T. Gilbert |
| Carol Smira Trow, Michael Lucich, and | ) | |
| Brittany Pike | ) | |
| | ) | |
| Defendants. | | |

## AFFIDAVIT OF NEALY L. SKELDON IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE STAY AND FOR SANCTIONS

I, Nealy L. Skeldon, being of sound mind and competent to testify, do hereby state and affirm as follows based on my personal knowledge:

1.  My name is Nealy L. Skeldon. I am over the age of eighteen and have personal knowledge of the facts set forth in this affidavit.

2.  I am the Plaintiff in the above-captioned action and am currently proceeding *pro se*.

3.  On October 24, 2025, this Court entered an Order (Dkt. No. 42) which stated, in relevant part, "Discovery is stayed for 30 days to allow plaintiff to search for a new attorney..."

4.  On November 18, 2025, while the Court's stay was in effect, I received an email and a Federal Express package from Defendant's counsel, Douglas Sweeney.

5.  The communications from Mr. Sweeney contained a cover letter, a draft Joint Status Report for my review and input, and a Notice of Deposition scheduling my deposition for January 13,

2026. Attached hereto as **Exhibit A** is a true and correct copy of the letter and attached documents I received from Defendant's counsel via email and Federal Express.

6.   On December 2, 2025, I sent an email to Mr. Sweeney in which I reminded him that the Court's stay of proceedings and discovery was still in effect.

7.   On December 4, 2025, I received a responsive email from Mr. Sweeney. This email disregarded my reminder regarding the stay and continued to request that I provide dates for my deposition. Attached hereto as **Exhibit B** is a true and correct copy of the email correspondence between myself and Mr. Sweeney dated December 2, 2025, and December 4, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: December 11, 2025

Respectfully submitted,

*/s/ Nealy L. Skeldon*

Nealy L. Skeldon, Plaintiff Pro Se

9438 Trillium Lane

Orland Park, IL 60487-1002

P:(773) 573-4644

skeldonlegal@gmail.com

**CERTIFICATE OF SERVICE**

I, Nealy L. Skeldon, hereby certify that on December 11, 2025, I served a true and correct copy of the foregoing Plaintiff's Affidavit via email to counsel of record for DermaConcepts:

Douglas R. Sweeney

HOLLAND & KNIGHT LLP

10 St. James Avenue, 11th Floor

Boston, MA 02116

Douglas.Sweeney@hklaw.com

*/s/ Nealy L. Skeldon*

Nealy L. Skeldon

# Exhibit A

# Holland & Knight

10 St. James Avenue | Boston, MA 02116 | T 617.523.2700 | F 617.523.6850
Holland & Knight LLP | www.hklaw.com

Douglas R. Sweeney
+1 617-573-5844
Douglas.Sweeney@hklaw.com

November 18, 2025

*Via Federal Express and  Email (nealyskeldon@gmail.com; skeldonlegal@gmail.com)*

Nealy L. Skeldon
9438 Trillium Lane
Orland Park, IL 60487-1002
nealyskeldon@gmail.com
skeldonlegal@gmail.com

   Re:  ***Skeldon v. DermaCare USA Corp. d/b/a DermaConcepts***
       **No. 25-cv-06078 (N.D. Ill.)**

Dear Ms. Skeldon:

My name is Doug Sweeney and I am an attorney assisting Richard Winter and William Ringhofer (both copied on this letter) in this law firm's representation of DermaCare USA Corp. d/b/a DermaConcepts ("DermaConcepts") in your lawsuit against DermaConcepts.

As you know, on October 24, 2025, the Court issued an order ("Order") that stated, in part:  "If plaintiff intends to hire new counsel, plaintiff should do so within 30 days, by and including November 24, 2025."  (I have attached the Order as **Exhibit A** to this letter for your reference). We have not seen a notice of appearance from an attorney filed on your behalf nor have we heard from an attorney purporting to represent you since that Order was issued.  Therefore, I am writing to you directly to address several matters in regard to this lawsuit.  If you are represented by counsel, please let me know promptly and I will communicate directly with your attorney.  If you engage an attorney after receiving this letter, please send this letter to them.   If you intend to represent yourself in this matter (*i.e.*, "*pro se*") please let us know and we will ensure that all communications regarding this case are directed toward you.

**I. Status Report Due December 3, 2025**

In the Order, Judge Gottschall  directed the parties to file a status report by December 3, 2025. Attached as **Exhibit B** to this letter is a draft status report with blank spaces for your position (*i.e.*, the "Plaintiff's Position"). A Microsoft Word version of this document has also been sent to you. Please send us an updated version of the status report with your responses no later than December 2, 2025 so that we may promptly file it with the Court.

Nealy L. Skeldon
November 18, 2025

**II.    Your Responses to DermaConcepts's Interrogatories and Document Requests**

In the Order, Judge Gottschall stayed discovery for 30 days.  Consequently, discovery will resume shortly.  Your responses to DermaConcept's First Set of Interrogatories and First Set of Requests for Production (attached together here as **Exhibit C**) are due on December 8, 2025, and your responses to DermaConcept's Second Set of Interrogatories and Second Set of Requests for Production (attached together here as **Exhibit D**) are due on December 15, 2025.  If you do not anticipate being able to meet those deadlines (including the production of responsive documents) please contact me so we can discuss a potential extension.

**III.    Settlement Proposal**

As you know, on September 15, 2025 I sent your former attorney, Thomas C. Koessl, a letter containing a substantive response and counter proposal to the settlement demand Mr. Koessl emailed me on August 28, 2025.  (If you need a copy of that letter, please let me know and I will send it to you.) To date, we have not received a response to that proposal.

If you wish to discuss any of the foregoing or any other matters in this case, please contact me.

Very truly yours,

HOLLAND & KNIGHT LLP

Douglas R. Sweeney

cc:    Richard Winter (via email)
       William Ringhofer (via email)

Enclosures

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.4)**
**Eastern Division**

Nealy L Skeldon

                                 Plaintiff,

v.                                       Case No.: 1:25−cv−06078
                                       Honorable Joan B. Gottschall

Dermacare USA Corporation, et al.

                                 Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, October 24, 2025:

     MINUTE entry before the Honorable Joan B. Gottschall:

Plaintiff's attorneys' Joint Motion for Leave to Withdraw [41] is granted, conditioned on withdrawing attorneys' service of their Motion for Leave to Withdraw and this order on plaintiff using plaintiff's last known contact information. Withdrawing counsel must file a supplemental certificate of service on or before October 28, 2025. If plaintiff intends to hire new counsel, plaintiff should do so within 30 days, by and including November 24, 2025. Discovery is stayed for 30 days to allow plaintiff to search for a new attorney, assuming she wishes to do so. A status report is due by and including December 3, 2025.

The court advises plaintiff of the availability of the William J. Hibbler Memorial Pro Se Assistance Program Help Desk, staffed by volunteer attorneys, for litigants who represent themselves. The help desk operates remotely by video conference or phone. An appointment may be made by calling the Clerk's Office at (312) 435−5671 or by visiting the court's official website at https://www.ilnd.uscourts.gov and clicking on the link titled "Schedule an Appointment with the Hibbler Help Desk " in the "Pro Se/Representing Yourself" section.

Mailed notice(mjc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at **www.ilnd.uscourts.gov**.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NEALY L. SKELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:25-cv-06078 |
| v. | ) | |
| | ) | |
| DERMACARE USA CORPORATION, d/b/a | ) | Honorable Joan B. Gottschall |
| DERMACONCEPTS, | ) | |
| | ) | DRAFT FOR PLAINTIFF REVIEW |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to Judge Gottschall's October 24, 2025 order [Dkt No. 42], Plaintiff Nealy L. Skeldon and Defendant DermaCare USA Corp., d/b/a DermaConcepts ("DermaConcepts") are filing this Joint Status Report:

- **Progress of Discovery**

  Plaintiff's Position:

  Defendant's Position: DermaConcepts anticipates being able to timely respond to Plaintiff's written discovery, and has noticed Plaintiff's deposition for January 13, 2026.

- **Settlement Efforts**

  Plaintiff's Position:

  Defendant's Position: DermaConcepts provided Plaintiff's previous counsel with a substantive settlement proposal on September 15, 2025 to which it has not yet received a response. DermaConcepts remains open to discussing the possibility of settlement.

- **Proposed Schedule for Next 45 to 60 Days**

  The Parties intend to respond to written discovery requests and begin taking depositions.

- **Proposed Deadline for Filing Next Status Report**

  - **Next Status Report Due:** January 15, 2025.

Respectfully submitted,

Dated: December 3, 2025

| | |
|---|---|
| **DERMACARE USA CORPORATION,**<br>    **d/b/a/ DERMACONCEPTS,** | **NEALY SKELDON** |
| By: /s/ DRAFT_____<br>One of the Attorneys for Defendants | By: /s/ DRAFT_____<br>Plaintiff |
| Richard R. Winter<br>William A. Ringhofer<br>HOLLAND & KNIGHT LLP<br>150 N. Riverside Plaza, Suite 2700<br>Chicago, IL 60606<br>(312) 263-3600<br>richard.winter@hklaw.com<br>william.ringhofer@hklaw.com | Nealy L. Skeldon<br>9438 Trillium Lane<br>Orland Park, IL 60487-1002<br>nealyskeldon@gmail.com<br>skeldonlegal@gmail.com |

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NEALY L. SKELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-06078 |
| v. | ) | |
| | ) | |
| DERMACARE USA CORPORATION, d/b/a | ) | |
| DERMACONCEPTS, | ) | |
| | ) | |
| Defendant. | ) | |

### DERMACARE USA CORPORATION d/b/a DERMACONCEPTS'
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant DermaCare USA Corporation d/b/a DermaConcepts ("DermaConcepts") requests that Plaintiff Nealy L. Skeldon respond to the following First Set of Interrogatories (collectively "Interrogatories" and each an "Interrogatory") and produce the following documents, records, and tangible evidence within thirty (30) days of service hereof.

### DEFINITIONS

1.      "DermaConcepts" or "Defendant" means and refers to Defendant DermaCare USA Corporation d/b/a DermaConcepts.

2.      "Skeldon," "Plaintiff," "you," or "your" means and refers to Plaintiff Nealy L. Skeldon.

3.      "Action," "Lawsuit," or "Litigation" means and refers to the lawsuit styled *Nealy L. Skeldon v. DermaCare USA Corporation d/b/a DermaConcepts*, Civil Action No. 1:25-cv-06078, in the United States District Court for the Northern District of Illinois, Eastern Division.

4.      "First Amended Complaint" means and refers to the First Amended Complaint filed by Plaintiff on July 31, 2025 (ECF Dkt. No. 30) in the Lawsuit and any exhibits thereto.

13

5.     "Counterclaims" refers to the Counterclaims brought against you by DermaConcepts in the Lawsuit (ECF Dkt. No. 31).

6.     "Agreement" means and refers to Non-Solicitation and Non-Competition Agreement dated May 6, 2013 and executed by DermaConcepts and Plaintiff, and attached to the Complaint as Exhibit B.

7.     "Subsequent Employer" means and refers to any Person (as defined herein) for whom or which Plaintiff has performed services for either during her employment with DermaConcepts or after her employment with DermaConcepts ended, including, without limitation, the "company that sells medical-grade skincare products" described in Paragraph 76 of the First Amended Complaint.

8.     "DermaConcepts Client" refers to any Person (as defined herein) who or which was an existing client, customer, or account of DermaConcepts when your employment with DermaConcepts ended, and (a) with whom or which you had any contacts or association through your employment with DermaConcepts, or (b) for whom or which was under your supervision during your employment with DermaConcepts.

9.     "DermaConcepts Property" refers to all materials, data, and other information belonging to DermaConcepts.

10.     The term "DermaConcepts Laptop" refers to the laptop computer described in the Counterclaims.

11.     "Document" as used in these Requests is coextensive with the term "document" as used in Federal Rule of Civil Procedure 34 and means and refers to and includes, without limitation, the original (and every copy of the original which differs in any way from it) of all written, recorded, transcribed, punched, taped, filmed, photographed, or graphic matter of any kind

2

or description, in any and all media of any type or description, however produced or reproduced, upon which intelligence or information is recorded, including electronically stored information, which is or has been in the possession, control, or custody of Plaintiff, or of which Plaintiff has knowledge.

12.     "Communication" means and refers to any transmission of information by one or more persons and/or between two or more persons by any means and of any nature whatsoever, including, but not limited to: documents (as that word is defined herein), correspondence, personal conversations, telephone calls, facsimiles, email or other electronic communications (including, without limitation, instant messages, text messages, iMessage messages, WhatsApp messages, Signal messages, and Viber messages), social media communications, dialogues, discussions, interviews, consultations, telegrams, memoranda, agreements, or other understanding.

13.     "Person" means and refers to any natural person, corporation, partnership, association, joint venture, sole proprietorship, firm or other business enterprise or legal entity or any state or local government agency and includes both the singular and plural.

14.     "Refer," "reflect," "relating," "concerning," and "evidencing" shall be construed as broadly as possible and their meaning shall include, but not limited to, constituting, analyzing, supporting, describing, discussing, summarizing, reporting on, commenting on, inquiring about, setting forth, explaining, considering, pertaining to, mentioning, or alluding to.

15.     "Describe in detail" shall mean to provide a complete factual summary, chronologically setting forth the substance of any fact, action, occurrence, conduct, communication or event concerning the item in question.

16.     "State the basis" shall mean to provide a substantial summary of the factual basis supporting the claim, allegation, or defense at the time the interrogatory is answered. The summary

3

shall: (i) identify the essential acts or failures to act forming the substance of the claim, allegation, or defense, (ii) identify the Person that, through firsthand information or possession of documents, are the sources of the information regarding the claim, allegation, or defense, and (iii) when one or more documents is the basis of the claim, allegation, or defense identify each such document.

17. Whenever used herein: (i) the singular shall include the plural, and the plural shall include the singular; (ii) the term "including" shall mean "including, but not limited to," and shall not be construed to limit the scope of any definition or Request herein; (iii) the disjunctive ("or") shall include the conjunctive ("and"), and the conjunctive ("and") shall include the disjunctive ("or"); and (iv) the terms "any," "each," "every," and "all" shall include each of the others.

## **INSTRUCTIONS**

1. If you object to an Interrogatory on the grounds of attorney-client, work product, or any other privilege, you are instructed to provide such non-privileged answers as are responsive and support the claim of privilege by providing the following information: (i) the type and nature of the information (e.g., letter, report, memorandum, etc.); (ii) the date the information was created/communicated; (iii) the authors, signatories, addressees, and recipients of the information or communication; and (iv) the nature of the privilege or immunity being asserted.

2. These Interrogatories seek all information that is known or available to Plaintiff, Plaintiff's agents, representatives, investigators, Plaintiff's attorneys, and also Plaintiff's attorneys' agents, employees, representatives, or investigators.

3. These Interrogatories are to be deemed continuing in nature, and any subsequently information responsive to these Interrogatories shall be provided immediately upon Plaintiff's learning of such information.

4

4.     If documents are produced in lieu of answering an Interrogatory, identify the documents in sufficient detail to allow Rhino to locate and identify the documents and portions thereof from which the answer may be ascertained, including the Bates numbers of the documents.

5.     Each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

6.     When asked to identify a natural person, please state his/her full name, the present or last known address of his/her residence or business, and his/her telephone number. If any of the above information is not available, state any other available means of identifying the person.

7.     When asked to identify an entity, please set forth its full and correct name or title and the address(es) of its place(s) of business and telephone number(s). If any of the above information is not available, state any other available means of identifying the entity.

8.     When asked to identify a document, please identify the author(s) of the document, the recipient(s), the date of the document, and a brief summary of its substance or contents.

9.     To the extent that you cannot identify any information responsive to a particular Interrogatory, please respond that you have identified no responsive information.

10.     If you object to an Interrogatory, your grounds for objecting must be stated with specificity and you must indicate whether Plaintiff is complying with the direction or instruction notwithstanding the objection. If the objection goes to only part of an Interrogatory, provide all information that does not fall within the scope of Plaintiff's objection.

11.     Unless otherwise stated in a particular interrogatory, the interrogatories seek information from January 1, 2025 to the present.

## **INTERROGATORIES**

1.      Please identify any and all Subsequent Employers, including, without limitation, the "company that sells medical-grade skincare products" described in Paragraph 76 of the First Amended Complaint.

**ANSWER:**

2.      Please describe in detail all communications between you and any DermaConcepts Client (and/or any person associated with any such client or account), including a description of the method by which you had each communication (*e.g.*, in person, telephone, email, text message, online chat, etc.), concerning your departure from DermaConcepts, your job at any Subsequent Employer, the potential termination or modification of that Person's actual or prospective business relationship with DermaConcepts, the prospect of such person or entity doing business with any Subsequent Employer, the Agreement, and topics addressed in the First Amended Complaint or Counterclaims. For the purposes of this interrogatory, please respond for all communications during the period January 1, 2025 to the present. When answering this interrogatory, identify all documents that support your response and all persons with knowledge of any facts supporting your response.

**ANSWER:**

3.      Please identify all DermaConcepts Clients for which you have provided any services since joining any Subsequent Employer. When answering this interrogatory, describe in detail all services you provided, when you provided such services, the sales that you made to each DermaConcepts Client, and identify all documents that support your response and all persons with knowledge of any facts supporting your response.

**ANSWER:**

6

4.      Please describe in detail the duties and responsibilities that you have performed at any Subsequent Employer since you joined such Subsequent Employer.

**ANSWER:**

5.      Please identify all DermaConcepts Property that you used or relied upon in the performance of your duties and responsibilities at any Subsequent Employer.

**ANSWER:**

6.      Please describe in detail concerning the compensation plan in place in connection with your employment with any Subsequent Employer, including, without limitation, salary, commission plan, and actual or potential bonus opportunities.

**ANSWER:**

7.      Please state the basis for the assertion in Paragraph 77 of the First Amended Complaint that "[i]f the Agreement is not deemed unenforceable, Skeldon may lose her current position for failure to meet reasonable sales goals."

8.      Please describe in detail any communications that you had with any Subsequent Employer about the Agreement and your obligations to comply with the Agreement.

**ANSWER:**

9.      Please describe in detail any communications that you had with any Subsequent Employer concerning any non-compete, non-solicit, or confidentiality obligation that any Subsequent Employer requested that you sign or required you to sign.

**ANSWER:**

10.      Please describe in detail any agreement or understanding that you have in place with any Subsequent Employer to indemnify you or pay for your attorneys' fees in connection with this Litigation.

7

**ANSWER:**

Dated: October 8, 2025

DERMACARE USA CORPORATION
d/b/a DERMACONCEPTS

By: /s/ *Richard R. Winter*
　　　One of Their Attorneys

Richard R. Winter
William A. Ringhofer
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
richard.winter@hklaw.com
william.ringhofer@hklaw.com

8

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on October 8, 2025, a true and correct copy of

**DERMACARE USA CORPORATION d/b/a DERMACONCEPTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF** was served on the following counsel of record via electronic mail:

> Thomas C. Koessl
> Hilarie Carhill
> WILLIAMS, BAX & SALTZMAN, P.C.
> 221 N. LaSalle St., Suite 3700
> Chicago, IL 60601
> koessl@wbs-law.com
> carhill@wbs-law.com

> /s/ Richard R. Winter

9

21

[IIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEALY L. SKELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-06078 |
| v. | ) | |
| | ) | |
| DERMACARE USA CORPORATION, d/b/a | ) | |
| DERMACONCEPTS, | ) | |
| | ) | |
| Defendant. | ) | |

**DERMACARE USA CORPORATION d/b/a DERMACONCEPTS'
FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant DermaCare USA Corporation d/b/a DermaConcepts ("DermaConcepts") requests that Plaintiff Nealy L. Skeldon respond to the following First Set of Requests for Production (collectively, "Requests," and each, a "Request") and produce the following documents, records, and tangible evidence within thirty (30) days of service hereof.

**DEFINITIONS**

1.      "DermaConcepts" or "Defendant" means and refers to Defendant DermaCare USA Corporation d/b/a DermaConcepts.

2.      "Skeldon," "Plaintiff," "you," or "your" means and refers to Plaintiff Nealy L. Skeldon.

3.      "Action," "Lawsuit," or "Litigation" means and refers to the lawsuit styled *Nealy L. Skeldon v. DermaCare USA Corporation d/b/a DermaConcepts*, Civil Action No. 1:25-cv-06078, in the United States District Court for the Northern District of Illinois, Eastern Division.

4.      "First Amended Complaint" means and refers to the First Amended Complaint filed by Plaintiff on July 31, 2025 (ECF Dkt. No. 30) in the Lawsuit and any exhibits thereto.

5.     "Counterclaims" refers to the Counterclaims brought against you by DermaConcepts in the Lawsuit (ECF Dkt. No. 31).

6.     "Agreement" means and refers to Non-Solicitation and Non-Competition Agreement dated May 6, 2013 and executed by DermaConcepts and Plaintiff, and attached to the Complaint as Exhibit B.

7.     "Subsequent Employer" means and refers to any Person (as defined herein) for whom or which Plaintiff has performed services for either during her employment with DermaConcepts or after her employment with DermaConcepts ended, including, without limitation, the "company that sells medical-grade skincare products" described in Paragraph 76 of the First Amended Complaint.

8.     "DermaConcepts Client" refers to any Person (as defined herein) who or which was an existing client, customer, or account of DermaConcepts when your employment with DermaConcepts ended, and (a) with whom or which you had any contacts or association through your employment with DermaConcepts, or (b) for whom or which was under your supervision during your employment with DermaConcepts.

9.     "DermaConcepts Property" refers to all materials, data, and other information belonging to DermaConcepts.

10.     The term "DermaConcepts Laptop" refers to the laptop computer described in the Counterclaims.

11.     "Document" as used in these Requests is coextensive with the term "document" as used in Federal Rule of Civil Procedure 34 and means and refers to and includes, without limitation, the original (and every copy of the original which differs in any way from it) of all written, recorded, transcribed, punched, taped, filmed, photographed, or graphic matter of any kind

2

or description, in any and all media of any type or description, however produced or reproduced, upon which intelligence or information is recorded, including electronically stored information, which is or has been in the possession, control, or custody of Plaintiff, or of which Plaintiff has knowledge.

12.     "Communication" means and refers to any transmission of information by one or more persons and/or between two or more persons by any means and of any nature whatsoever, including, but not limited to: documents (as that word is defined herein), correspondence, personal conversations, telephone calls, facsimiles, email or other electronic communications (including, without limitation, instant messages, text messages, iMessage messages, WhatsApp messages, Signal messages, and Viber messages), social media communications, dialogues, discussions, interviews, consultations, telegrams, memoranda, agreements, or other understanding.

13.     "Person" means and refers to any natural person, corporation, partnership, association, joint venture, sole proprietorship, firm or other business enterprise or legal entity or any state or local government agency and includes both the singular and plural.

14.     "Refer," "reflect," "relating," "concerning," and "evidencing" shall be construed as broadly as possible and their meaning shall include, but not limited to, constituting, analyzing, supporting, describing, discussing, summarizing, reporting on, commenting on, inquiring about, setting forth, explaining, considering, pertaining to, mentioning, or alluding to.

15.     Whenever used herein: (i) the singular shall include the plural, and the plural shall include the singular; (ii) the term "including" shall mean "including, but not limited to," and shall not be construed to limit the scope of any definition or Request herein; (iii) the disjunctive ("or") shall include the conjunctive ("and"), and the conjunctive ("and") shall include the disjunctive ("or"); and (iv) the terms "any," "each," "every," and "all" shall include each of the others.

3

**<u>INSTRUCTIONS</u>**

1.      If you object to a Request on the grounds of attorney-client, work product, or any other privilege, you are instructed to provide such non-privileged answers as are responsive and support the claim of privilege by providing the following information: (i) the type and nature of the information (e.g., letter, report, memorandum, etc.); (ii) the date the information was created/communicated; (iii) the authors, signatories, addressees, and recipients of the information or communication; and (iv) the nature of the privilege or immunity being asserted.

2.      These Requests seek all information that is known or available to Plaintiff, Plaintiff's agents, representatives, investigators, Plaintiff's attorneys, and also Plaintiff's attorneys' agents, employees, representatives, or investigators.

3.      These Requests are to be deemed continuing in nature, and any subsequently information responsive to these Requests shall be provided immediately upon Plaintiff's learning of such information.

4.      To the extent that you cannot identify any information responsive to a particular Request, please respond that you have identified no responsive information.

5.      Each specific Request for documents seeks production of each document in its entirety, including all attachments and drafts.

6.      If a document otherwise responsive to these Requests was, but no longer is, in your actual or constructive possession, please state: (a) whether the document has been lost or destroyed; (b) has been transferred to another person or entity either voluntarily or involuntarily; or (c) has otherwise been disposed of; and in each such instance, explain the circumstances surrounding the disposition, including the date of the destruction.

4

7.     If you object to a Request, your grounds for objecting must be stated with specificity and you must indicate whether Plaintiff is complying with the direction or instruction notwithstanding the objection. If the objection goes to only part of a Request, provide all information that does not fall within the scope of Plaintiff's objection.

8.     Unless otherwise stated in a particular Request, the Requests seek information from January 1, 2025 to the present.

## REQUESTS FOR PRODUCTION

1.     Any and all documents that you intend to introduce or use in any way at any hearing, trial, or other proceeding concerning any of the allegations contained in Paragraphs 66 to 78 of the First Amended Complaint.

**RESPONSE:**

2.     All documents identified by you in response to DermaConcepts' First Set of Interrogatories to you.

**RESPONSE:**

3.     All documents relied upon by any person in preparing the responses DermaConcepts' First Set of Interrogatories to you.

**RESPONSE:**

4.     All documents and communications concerning any of the allegations contained in Paragraphs 66 to 78 of the First Amended Complaint, including but not limited to, all documents referenced directly or indirectly in Paragraphs 66 to 78 of the First Amended Complaint.

**RESPONSE:**

5

5.      All communications between you and any Subsequent Employer, any Subsequent Employer's attorney, or any Subsequent Employer's recruiter or hiring agent with respect to the hiring, recruitment, potential employment, and acceptance of a job at any Subsequent Employer.

**RESPONSE:**

6.      All documents and communications concerning the termination of your employment from DermaConcepts.

**RESPONSE:**

7.      All documents and communications concerning any projections, business plans, or estimates of the DermaConcepts Clients that would seek to work with you at any Subsequent Employer at any time in the two-year period after the termination of your employment with DermaConcepts.

**RESPONSE:**

8.      All documents and communications concerning your recruitment and prospective or actual employment with any Subsequent Employer.

**RESPONSE:**

9.      All documents and communications, maintained in any form or media, that you sent to or received from any Subsequent Employer or any other Person concerning your recruitment, hiring, engagement, and employment at any Subsequent Employer, including, but not limited to, any communications inquiring of potential employment, applications, resumes, offer letters, employment agreements, consulting or other contracts and job descriptions (including any drafts and any transmittal communications in any form to which those drafts were attached).

**RESPONSE:**

6

10.     All documents and communications concerning the terms and conditions of your employment with any Subsequent Employer, including, without limitation, all documents concerning your salary, commissions, and other forms of compensation.

**RESPONSE:**

11.     All documents and communications describing or summarizing you potential or actual job duties and responsibilities at any Subsequent Employer.

**RESPONSE**:

12.     All documents and communications concerning any proposed or actual agreements between you and any Subsequent Employer, including, without limitation, any post-employment obligations (including non-competition, non-solicitation, and confidentiality obligations) that you owe to such Subsequent Employer.

**RESPONSE**:

13.     All personnel records concerning your employment with any Subsequent Employer.

**RESPONSE:**

14.     All documents and communications between you and any DermaConcepts Clients concerning the Agreement.

**RESPONSE:**

15.     All communications between you and any Subsequent Employer concerning the Agreement.

**RESPONSE:**

7

28

16.     All documents and communications concerning your compliance with the Agreement, including, without limitation, any instructions by any Subsequent Employer to you concerning your compliance with the Agreement.

**RESPONSE:**

17.     All documents and communications concerning any Subsequent Employer's assessment of the enforceability of the Agreement.

**RESPONSE:**

18.     All documents and communications in which you identify or discuss potential or actual litigation to be brought by you against DermaConcepts or by DermaConcepts against you concerning the Agreement or your post-employment obligations to DermaConcepts.

**RESPONSE:**

19.     All documents and communications concerning any agreement or understanding that you have in place with any Subsequent Employer to indemnify you or pay for your attorneys' fees in connection with this Litigation.

**RESPONSE:**

20.     All documents and communications between you and any DermaConcepts Client from March 31, 2025 to present, including, without limitation, all documents and communications concerning your solicitation of, acceptance of business from, or servicing of any DermaConcepts Client.

**RESPONSE:**

21.     All DermaConcepts Property in any form or media, including, without limitation, any DermaConcepts Client lists.

**RESPONSE:**

22.     All documents and communications that, in whole or in part, rely upon, incorporate, are based upon, or otherwise utilize any DermaConcepts Property.

**RESPONSE:**

23.     All work-related calendars or other documents that you have used to track your daily work-related activities (including, without limitation, any meetings or communications with any DermaConcepts Client) since joining any Subsequent Employer.

**RESPONSE:**

24.     All documents that list, track, or log your communications with any DermaConcepts Client since March 1, 2025, including the name of the individual or entity with whom you communicated, the date of the communication, the method of the communications, who initiated the communication, and a summary of the substance of the communication.

**RESPONSE:**

25.     Please make available for examination and inspection the DermaConcepts Laptop, preserved in its original form for purposes of inspection and forensic analysis.

**RESPONSE:**

26.     All documents and communications concerning any affirmative defense and/or defenses you have asserted or intend to assert in this Lawsuit.

**RESPONSE:**

Dated: October 8, 2025

                    DERMACARE USA CORPORATION
                    d/b/a DERMACONCEPTS

                    By: /s/ *Richard R. Winter*
                            One of Their Attorneys

9

Richard R. Winter
William A. Ringhofer
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
richard.winter@hklaw.com
william.ringhofer@hklaw.com

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on October 8, 2025, a true and correct copy of

**DERMACARE USA CORPORATION d/b/a DERMACONCEPTS' FIRST SET OF**

**REQUESTS FOR PRODUCTION TO PLAINTIFF** was served on the following counsel of

record via electronic mail:

> Thomas C. Koessl
> Hilarie Carhill
> WILLIAMS, BAX & SALTZMAN, P.C.
> 221 N. LaSalle St., Suite 3700
> Chicago, IL 60601
> koessl@wbs-law.com
> carhill@wbs-law.com

<u>/s/ Richard R. Winter</u>

11

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NEALY L. SKELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-06078 |
| v. | ) | |
| | ) | |
| DERMACARE USA CORPORATION, d/b/a | ) | |
| DERMACONCEPTS, | ) | |
| | ) | |
| Defendant. | ) | |

**DERMACARE USA CORPORATION d/b/a DERMACONCEPTS'**
**SECOND SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant DermaCare USA Corporation d/b/a DermaConcepts ("DermaConcepts") requests that Plaintiff Nealy L. Skeldon respond to the following Second Set of Interrogatories (collectively "Interrogatories" and each an "Interrogatory") and produce the following documents, records, and tangible evidence within thirty (30) days of service hereof.

**DEFINITIONS**

1.      "DermaConcepts" or "Defendant" means and refers to Defendant DermaCare USA Corporation d/b/a DermaConcepts.

2.      "Skeldon," "Plaintiff," "you," or "your" means and refers to Plaintiff Nealy L. Skeldon.

3.      "Action," "Lawsuit," or "Litigation" means and refers to the lawsuit styled *Nealy L. Skeldon v. DermaCare USA Corporation d/b/a DermaConcepts*, Civil Action No. 1:25-cv-06078, in the United States District Court for the Northern District of Illinois, Eastern Division.

4.      "First Amended Complaint" means and refers to the First Amended Complaint filed by Plaintiff on July 31, 2025 (ECF Dkt. No. 30) in the Lawsuit and any exhibits thereto.

34

5.     "Counterclaims" refers to the Counterclaims brought against you by DermaConcepts in the Lawsuit (ECF Dkt. No. 31).

6.     "Agreement" means and refers to Non-Solicitation and Non-Competition Agreement dated May 6, 2013 and executed by DermaConcepts and Plaintiff, and attached to the Complaint as Exhibit B.

7.     "Subsequent Employer" means and refers to any Person (as defined herein) for whom or which Plaintiff has performed services for either during her employment with DermaConcepts or after her employment with DermaConcepts ended, including, without limitation, the "company that sells medical-grade skincare products" described in Paragraph 76 of the First Amended Complaint.

8.     "DermaConcepts Client" refers to any Person (as defined herein) who or which was an existing client, customer, or account of DermaConcepts when your employment with DermaConcepts ended, and (a) with whom or which you had any contacts or association through your employment with DermaConcepts, or (b) for whom or which was under your supervision during your employment with DermaConcepts.

9.     "DermaConcepts Property" refers to all materials, data, and other information belonging to DermaConcepts.

10.    The term "DermaConcepts Laptop" refers to the laptop computer described in the Counterclaims.

11.    "Document" as used in these Requests is coextensive with the term "document" as used in Federal Rule of Civil Procedure 34 and means and refers to and includes, without limitation, the original (and every copy of the original which differs in any way from it) of all written, recorded, transcribed, punched, taped, filmed, photographed, or graphic matter of any kind

2

or description, in any and all media of any type or description, however produced or reproduced, upon which intelligence or information is recorded, including electronically stored information, which is or has been in the possession, control, or custody of Plaintiff, or of which Plaintiff has knowledge.

12.    "Communication" means and refers to any transmission of information by one or more persons and/or between two or more persons by any means and of any nature whatsoever, including, but not limited to: documents (as that word is defined herein), correspondence, personal conversations, telephone calls, facsimiles, email or other electronic communications (including, without limitation, instant messages, text messages, iMessage messages, WhatsApp messages, Signal messages, and Viber messages), social media communications, internet posts, dialogues, discussions, interviews, consultations, telegrams, memoranda, agreements, or other understanding.

13.    "Person" means and refers to any natural person, corporation, partnership, association, joint venture, sole proprietorship, firm or other business enterprise or legal entity or any state or local government agency and includes both the singular and plural.

14.    "Refer," "reflect," "relating," "concerning," and "evidencing" shall be construed as broadly as possible and their meaning shall include, but not limited to, constituting, analyzing, supporting, describing, discussing, summarizing, reporting on, commenting on, inquiring about, setting forth, explaining, considering, pertaining to, mentioning, or alluding to.

15.    "Describe in detail" shall mean to provide a complete factual summary, chronologically setting forth the substance of any fact, action, occurrence, conduct, communication or event concerning the item in question.

16.    "State the basis" shall mean to provide a substantial summary of the factual basis supporting the claim, allegation, or defense at the time the interrogatory is answered. The summary

3

shall: (i) identify the essential acts or failures to act forming the substance of the claim, allegation, or defense, (ii) identify the Person that, through firsthand information or possession of documents, are the sources of the information regarding the claim, allegation, or defense, and (iii) when one or more documents is the basis of the claim, allegation, or defense identify each such document.

17. Whenever used herein: (i) the singular shall include the plural, and the plural shall include the singular; (ii) the term "including" shall mean "including, but not limited to," and shall not be construed to limit the scope of any definition or Request herein; (iii) the disjunctive ("or") shall include the conjunctive ("and"), and the conjunctive ("and") shall include the disjunctive ("or"); and (iv) the terms "any," "each," "every," and "all" shall include each of the others.

## **INSTRUCTIONS**

1. If you object to an Interrogatory on the grounds of attorney-client, work product, or any other privilege, you are instructed to provide such non-privileged answers as are responsive and support the claim of privilege by providing the following information: (i) the type and nature of the information (e.g., letter, report, memorandum, etc.); (ii) the date the information was created/communicated; (iii) the authors, signatories, addressees, and recipients of the information or communication; and (iv) the nature of the privilege or immunity being asserted.

2. These Interrogatories seek all information that is known or available to Plaintiff, Plaintiff's agents, representatives, investigators, Plaintiff's attorneys, and also Plaintiff's attorneys' agents, employees, representatives, or investigators.

3. These Interrogatories are to be deemed continuing in nature, and any subsequent information responsive to these Interrogatories shall be provided immediately upon Plaintiff's learning of such information.

4

4.      If documents are produced in lieu of answering an Interrogatory, identify the documents in sufficient detail to allow DermaConcepts to locate and identify the documents and portions thereof from which the answer may be ascertained, including the Bates numbers of the documents.

5.      Each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

6.      When asked to identify a natural person, please state his/her full name, the present or last known address of his/her residence or business, and his/her telephone number. If any of the above information is not available, state any other available means of identifying the person.

7.      When asked to identify an entity, please set forth its full and correct name or title and the address(es) of its place(s) of business and telephone number(s). If any of the above information is not available, state any other available means of identifying the entity.

8.      When asked to identify a document, please identify the author(s) of the document, the recipient(s), the date of the document, and a brief summary of its substance or contents.

9.      To the extent that you cannot identify any information responsive to a particular Interrogatory, please respond that you have identified no responsive information.

10.      If you object to an Interrogatory, your grounds for objecting must be stated with specificity and you must indicate whether Plaintiff is complying with the direction or instruction notwithstanding the objection. If the objection goes to only part of an Interrogatory, provide all information that does not fall within the scope of Plaintiff's objection.

11.      Unless otherwise stated in a particular interrogatory, the interrogatories seek information from January 1, 2025 to the present.

5

**<u>INTERROGATORIES</u>**

11.     Please identify your residential address (whether long-term or short-term); telephone numbers (including but not limited to, all home and cell phone numbers); email address and accounts; instant messaging screennames or usernames (including, but not limited to, G-chat, AIM, KIK, and similar internet-based applications); social media screennames or usernames; and social media accounts, applications, or website pages, including but not limited to blogs, Facebook, Twitter, LinkedIn, Instagram, Snapchat, or similar social media accounts.

       **<u>ANSWER:</u>**

12.     Please identify all Persons (including, without limitation, DermaConcepts' former or current employees) with whom you, or anyone on your behalf, have communicated concerning any of your claims against DermaConcepts, this Action, or the allegations contained in the First Amended Complaint and Counterclaims. In answering, please identify the time, date, manner (for example, telephone call, written communication, electronic communication, in-person meeting, social media posting or communication) and content of all communications between you and such Persons.

       **<u>ANSWER:</u>**

13.     Please identify all Persons whom you believe may have any discoverable information concerning any of the facts alleged in the First Amended Complaint or any of the facts that may form a defense to any of the allegations in the Counterclaims, stating for each such Person his or her occupation, employer, job title, business address, residential address, telephone number, email address, and the subjects about which he or she has knowledge.

       **<u>ANSWER:</u>**

6

14. Please identify any complaint that you made to DermaConcepts during your employment with DermaConcepts concerning any alleged non-payment of wages, including any complaint concerning any of the allegations set forth in the First Amended Complaint.

**ANSWER:**

15. Please provide a list of vacations and/or days off you took during your employment with DermaConcepts. Please include in your answer (i) the dates of the vacation and/or days off (including dates during which you traveled, if applicable); (ii) the location of the vacation and/or days off; and (iii) the amount of hours of vacation time used for each vacation and/or day off.

**ANSWER:**

16. Please state the basis for your claim that DermaConcepts has not paid you for all wages owed and retaliated against you in violation of the Illinois Wage Payment and Collection Act.

**ANSWER:**

17. Please state the basis for your refusal to return the DermaConcepts Laptop to DermaConcepts.

**ANSWER:**

18. Please describe in detail every item of DermaConcepts Property (including, without limitation, any computer files on the DermaConcepts Laptop) that have been in your possession from the end of your employment with DermaConcepts to the present. If you claim that you disposed of any DermaConcepts Property during the above-stated period, please describe in detail the circumstances of its disposal, including, without limitation, the date and method of the disposal and the reason for the disposal.

**ANSWER:**

7

19.     Please state the basis for your claims that (i) DermaConcepts improperly denied you reimbursement of legitimate business expenses; (ii) DermaConcepts improperly deducted hotel expenses and shipping charges from your sales totals; and (iii) DermaConcepts purposefully miscalculated your "New Account Bonuses" and "Growth Bonus."

**ANSWER:**

20.     Please state the basis for claims that DermaConcepts treated you differently than other DermaConcepts employees.

**ANSWER:**

21.     Please state the basis of your claims for damages or other relief sought in this Action. Please include in your answer:

  i.     A description of the type and nature of the damage suffered or the relief sought;

  ii.    The amount claimed for such damages and the method(s) of computation of the amount of those damages;

  iii.   A complete description of all facts that support each item of damages claimed or relief sought;

  iv.    The identity of all documents supporting damages claimed or relief sought; and

  v.     The identity of all Persons with knowledge of the nature or extent of the damages or relief sought, along with a statement of the substance of the facts known by each such Person.

**ANSWER:**

8

Dated: October 14, 2025

DERMACARE USA CORPORATION
d/b/a DERMACONCEPTS

By: /s/ *Richard R. Winter*
        One of Their Attorneys

Richard R. Winter
William A. Ringhofer
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
richard.winter@hklaw.com
william.ringhofer@hklaw.com

9

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on October 14, 2025, a true and correct copy of

**DERMACARE USA CORPORATION d/b/a DERMACONCEPTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF** was served on the following counsel of record via electronic mail:

> Thomas C. Koessl
> Hilarie Carhill
> WILLIAMS, BAX & SALTZMAN, P.C.
> 221 N. LaSalle St., Suite 3700
> Chicago, IL 60601
> koessl@wbs-law.com
> carhill@wbs-law.com

> /s/ Richard R. Winter

10

[IIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEALY L. SKELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-06078 |
| v. | ) | |
| | ) | |
| DERMACARE USA CORPORATION, d/b/a | ) | |
| DERMACONCEPTS, | ) | |
| | ) | |
| Defendant. | ) | |

**DERMACARE USA CORPORATION d/b/a DERMACONCEPTS'**
**SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant DermaCare USA Corporation d/b/a DermaConcepts ("DermaConcepts") requests that Plaintiff Nealy L. Skeldon respond to the following Second Set of Requests for Production (collectively, "Requests," and each, a "Request") and produce the following documents, records, and tangible evidence within thirty (30) days of service hereof.

**DEFINITIONS**

1. "DermaConcepts" or "Defendant" means and refers to Defendant DermaCare USA Corporation d/b/a DermaConcepts.

2. "Skeldon," "Plaintiff," "you," or "your" means and refers to Plaintiff Nealy L. Skeldon.

3. "Action," "Lawsuit," or "Litigation" means and refers to the lawsuit styled *Nealy L. Skeldon v. DermaCare USA Corporation d/b/a DermaConcepts*, Civil Action No. 1:25-cv-06078, in the United States District Court for the Northern District of Illinois, Eastern Division.

4. "First Amended Complaint" means and refers to the First Amended Complaint filed by Plaintiff on July 31, 2025 (ECF Dkt. No. 30) in the Lawsuit and any exhibits thereto.

5.     "Counterclaims" refers to the Counterclaims brought against you by DermaConcepts in the Lawsuit (ECF Dkt. No. 31).

6.     "Agreement" means and refers to Non-Solicitation and Non-Competition Agreement dated May 6, 2013 and executed by DermaConcepts and Plaintiff, and attached to the Complaint as Exhibit B.

7.     "Subsequent Employer" means and refers to any Person (as defined herein) for whom or which Plaintiff has performed services for either during her employment with DermaConcepts or after her employment with DermaConcepts ended, including, without limitation, the "company that sells medical-grade skincare products" described in Paragraph 76 of the First Amended Complaint.

8.     "DermaConcepts Client" refers to any Person (as defined herein) who or which was an existing client, customer, or account of DermaConcepts when your employment with DermaConcepts ended, and (a) with whom or which you had any contacts or association through your employment with DermaConcepts, or (b) for whom or which was under your supervision during your employment with DermaConcepts.

9.     "DermaConcepts Property" refers to all materials, data, and other information belonging to DermaConcepts.

10.     The term "DermaConcepts Laptop" refers to the laptop computer described in the Counterclaims.

11.     "Document" as used in these Requests is coextensive with the term "document" as used in Federal Rule of Civil Procedure 34 and means and refers to and includes, without limitation, the original (and every copy of the original which differs in any way from it) of all written, recorded, transcribed, punched, taped, filmed, photographed, or graphic matter of any kind

2

or description, in any and all media of any type or description, however produced or reproduced, upon which intelligence or information is recorded, including electronically stored information, which is or has been in the possession, control, or custody of Plaintiff, or of which Plaintiff has knowledge.

12. "Communication" means and refers to any transmission of information by one or more persons and/or between two or more persons by any means and of any nature whatsoever, including, but not limited to: documents (as that word is defined herein), correspondence, personal conversations, telephone calls, facsimiles, email or other electronic communications (including, without limitation, instant messages, text messages, iMessage messages, WhatsApp messages, Signal messages, and Viber messages), social media communications, internet posts, dialogues, discussions, interviews, consultations, telegrams, memoranda, agreements, or other understanding.

13. "Person" means and refers to any natural person, corporation, partnership, association, joint venture, sole proprietorship, firm or other business enterprise or legal entity or any state or local government agency and includes both the singular and plural.

14. "Refer," "reflect," "relating," "concerning," and "evidencing" shall be construed as broadly as possible and their meaning shall include, but not limited to, constituting, analyzing, supporting, describing, discussing, summarizing, reporting on, commenting on, inquiring about, setting forth, explaining, considering, pertaining to, mentioning, or alluding to.

15. Whenever used herein: (i) the singular shall include the plural, and the plural shall include the singular; (ii) the term "including" shall mean "including, but not limited to," and shall not be construed to limit the scope of any definition or Request herein; (iii) the disjunctive ("or") shall include the conjunctive ("and"), and the conjunctive ("and") shall include the disjunctive ("or"); and (iv) the terms "any," "each," "every," and "all" shall include each of the others.

3

**INSTRUCTIONS**

1.    If you object to a Request on the grounds of attorney-client, work product, or any other privilege, you are instructed to provide such non-privileged answers as are responsive and support the claim of privilege by providing the following information: (i) the type and nature of the information (e.g., letter, report, memorandum, etc.); (ii) the date the information was created/communicated; (iii) the authors, signatories, addressees, and recipients of the information or communication; and (iv) the nature of the privilege or immunity being asserted.

2.    These Requests seek all information that is known or available to Plaintiff, Plaintiff's agents, representatives, investigators, Plaintiff's attorneys, and also Plaintiff's attorneys' agents, employees, representatives, or investigators.

3.    These Requests are to be deemed continuing in nature, and any subsequent information responsive to these Requests shall be provided immediately upon Plaintiff's learning of such information.

4.    To the extent that you cannot identify any information responsive to a particular Request, please respond that you have identified no responsive information.

5.    Each specific Request for documents seeks production of each document in its entirety, including all attachments and drafts.

6.    If a document otherwise responsive to these Requests was, but no longer is, in your actual or constructive possession, please state: (a) whether the document has been lost or destroyed; (b) has been transferred to another person or entity either voluntarily or involuntarily; or (c) has otherwise been disposed of; and in each such instance, explain the circumstances surrounding the disposition, including the date of the destruction.

4

7.      If you object to a Request, your grounds for objecting must be stated with specificity and you must indicate whether Plaintiff is complying with the direction or instruction notwithstanding the objection. If the objection goes to only part of a Request, provide all information that does not fall within the scope of Plaintiff's objection.

8.      Unless otherwise stated in a particular Request, the Requests seek information from May 6, 2013 to the present.

## REQUESTS FOR PRODUCTION

27.     All documents that you intend to introduce or use in any way at any hearing, trial, or other proceeding concerning any of the allegations of the First Amended Complaint.

**RESPONSE:**

28.     All documents identified by you in response to DermaConcepts' Second Set of Interrogatories to you.

**RESPONSE:**

29.     All documents relied upon by any person in preparing the responses DermaConcepts' Second Set of Interrogatories to you.

**RESPONSE:**

30.     All documents and communications concerning any of the allegations contained in the First Amended Complaint, including but not limited to, all documents referenced directly or indirectly in the First Amended Complaint.

**RESPONSE:**

31.     All documents and communications concerning any defenses you asserted or intend to assert to the Counterclaims.

**RESPONSE:**

5

32.     All documents and communications concerning any allegation that DermaConcepts failed to pay you all wages owed to you or otherwise failed to comply with the Illinois Wage Payment and Collection Act.

**RESPONSE:**

33.     All documents and communications concerning your allegations that DermaConcepts' alleged failure to pay you all wages owed was intentional and/or retaliatory.

**RESPONSE:**

34.     All documents and communications concerning any allegation that DermaConcepts violated the Illinois Right of Publicity Act.

**RESPONSE:**

35.     All documents and communications concerning your allegations that DermaConcepts improperly denied you reimbursement of legitimate business expenses, as alleged in Paragraphs 15-18 of the First Amended Complaint.

**RESPONSE:**

36.     All documents and communications concerning your allegations that DermaConcepts improperly deducted hotel expenses and shipping charges from your sales totals, as alleged in Paragraphs 19-24 of the First Amended Complaint.

**RESPONSE:**

37.     All documents and communications concerning your allegations that DermaConcepts purposefully miscalculated your "New Account Bonuses," as alleged in Paragraphs 25-32 of the First Amended Complaint.

**RESPONSE:**

38.     All documents and communications concerning your allegations that DermaConcepts purposefully miscalculated your "Growth Bonus," as alleged in Paragraphs 33-39 of the First Amended Complaint.

**RESPONSE:**

39.     All documents and communications concerning your allegations that DermaConcepts treated you differently than other DermaConcepts employees in regard to "Partnership Program Leads," as alleged in Paragraphs 40-45 of the First Amended Complaint.

**RESPONSE:**

40.     All documents and communications concerning your allegations that DermaConcepts "erroneously applied its gratis (free product) program to already discounted Holiday Kits," as alleged in Paragraphs 46-48 of the First Amended Complaint.

**RESPONSE:**

41.     All documents and communications concerning your allegations that DermaConcepts set your 2025 sales goals "disproportionately high," as alleged in Paragraphs 49-61 of the First Amended Complaint.

**RESPONSE:**

42.     All documents and communications concerning your allegations that DermaConcepts failed to pay you earned vacation time, as alleged in Paragraphs 62-65 of the First Amended Complaint.

**RESPONSE:**

43.     All documents and communications concerning your sales performance at DermaConcepts.

**RESPONSE:**

7

44.     All documents and communications concerning the "private messages and memes" allegedly sent to you by Rob Trow as alleged in Paragraph 55 of the First Amended Complaint, including, without limitation, the alleged "private messages and memes."

**RESPONSE:**

45.     All documents and communications concerning the "Standard Operating Procedure" referenced in the First Amended Complaint.

**RESPONSE:**

46.     All documents and communications concerning the allegations that DermaConcepts treated you differently than other DermaConcepts employees, including, without limitation, the allegations of Paragraphs 17, 42, 54, 59 and 75 of the First Amended Complaint.

**RESPONSE:**

47.     All documents concerning all vacation time or days off you took during your employment with DermaConcepts, including, without limitation, all calendars, itineraries, planners, travel receipts or invoices, and booking confirmations.

**RESPONSE:**

48.     All documents and communications concerning the ownership of the DermaConcepts Laptop.

**RESPONSE:**

49.     All documents and communications concerning any DermaConcepts Property you currently have in your possession or that you have had in your possession at any time after your employment with DermaConcepts ended.

**RESPONSE**:

8

50.     All documents and communications concerning the damages (including, without limitation, unjust enrichment), other monetary relief, any declaratory relief, or any injunctive relief which you seek in this Action based on any claim.

**RESPONSE**:

51.     All documents and communications concerning your efforts to mitigate any alleged damages.

**RESPONSE:**

52.     All documents and communications concerning your alleged emotional distress damages.

**RESPONSE:**

53.     All documents concerning any complaints or charges filed by you or on your behalf; filed against you; and any judgments, verdicts, or settlement agreements to which you were a party; and any affidavits, discovery responses, or deposition testimony made by you under oath, in any administrative, civil or criminal proceedings or actions (other than this Action) to which you were a party.

**RESPONSE:**

54.     All written or recorded statements, and all documents concerning such statements, including drafts of any such statements, of any person concerning in any way the allegations in the First Amended Complaint.

**RESPONSE:**

9

Dated: October 14, 2025

DERMACARE USA CORPORATION
d/b/a DERMACONCEPTS

By: /s/ *Richard R. Winter* _____
        One of Their Attorneys

Richard R. Winter
William A. Ringhofer
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
richard.winter@hklaw.com
william.ringhofer@hklaw.com

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on October 14, 2025, a true and correct copy of

**DERMACARE USA CORPORATION d/b/a DERMACONCEPTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** was served on the following counsel of record via electronic mail:

> Thomas C. Koessl
> Hilarie Carhill
> WILLIAMS, BAX & SALTZMAN, P.C.
> 221 N. LaSalle St., Suite 3700
> Chicago, IL 60601
> koessl@wbs-law.com
> carhill@wbs-law.com

<u>/s/ Richard R. Winter</u>

11

# Exhibit B



**skeldonlegal <skeldonlegal@gmail.com>**

---

# Skeldon v. DermaConcepts Settlement Communications

2 messages

---

**skeldonlegal** <skeldonlegal@gmail.com>                Tue, Dec 2, 2025 at 4:57 PM
To: "Douglas.Sweeney@hklaw.com" <douglas.sweeney@hklaw.com>

Good afternoon Mr. Sweeney,

As I continue to interview firms this week, I wanted to touch on the email and document pouch that you sent November 18. As you are aware, the stay on proceedings also includes discovery demand notices. I am sure you understand that I won't be accepting the deposition notice, which we can circle back to once new counsel files their appearance.

However, while I am continuing this process of finding new representation, I would be open to re-establishing settlement negotiations directly if DermaConcepts would also be open to it. If so, and being that previous counsel refused to respond to your September 15th settlement offer letter, I would be responding to that letter and filling in the gaps left by my prior attorneys. If DermaConcepts is uninterested in re-establishing settlement talks, I completely understand, and we can table discussions until after the stay is lifted.

Thank you,
Nealy Skeldon

---

**Douglas.Sweeney@hklaw.com** <Douglas.Sweeney@hklaw.com>        Thu, Dec 4, 2025 at 8:55 AM

To: skeldonlegal <skeldonlegal@gmail.com>
Cc: "richard.winter@hklaw.com" <richard.winter@hklaw.com>, "William.Ringhofer@hklaw.com" <William.Ringhofer@hklaw.com>

Ms. Skeldon,


We understand that you are currently seeking counsel and do not intend to take your deposition until after the Court's recently imposed deadline of January 8, 2026 for you to find counsel.  Regardless of the outcome of that search, DermaConcepts will be taking your deposition in this case after the stay on discovery is lifted.  To that end, for the purposes of scheduling, please provide us with dates between mid-January (with the exception of the week of January 26) and the end of February when you will be available to sit for a deposition at Holland & Knight's Chicago office.  If you engage counsel, then we will, of course, make sure that the proposed deposition date is also convenient for your attorney.


With respect to your point about settlement negotiations, DermaConcepts remains open to reviewing a response to the settlement proposal laid out in my September 15 letter.

Lastly, I ask that you please CC Mr. Winter and Mr. Ringhofer on all communications to me.  Thank you.


Best,
Doug



**Douglas R. Sweeney | Holland & Knight**
Phone 617.573.5844 | douglas.sweeney@hklaw.com

---

**From:** skeldonlegal <skeldonlegal@gmail.com>
**Sent:** Tuesday, December 2, 2025 5:57 PM
**To:** Sweeney, Douglas R (BOS - X75844) <Douglas.Sweeney@hklaw.com>
**Subject:** Skeldon v. DermaConcepts Settlement Communications


*[External email]*

[Quoted text hidden]

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.