IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEALY L. SKELDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 25-cv-06078 |
| v. ) | |
| ) | |
| DERMACARE USA CORPORATION, d/b/a ) | |
| DERMACONCEPTS, ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendant DermaCare USA Corp. d/b/a DermaConcepts ("DermaConcepts") hereby opposes Plaintiff's Motion to Enforce Stay and For Sanctions Against Defendant and Defendant's Counsel for Violation of Court Order (the "Motion"). The Motion should be denied because neither DermaConcepts, nor its counsel, ever violated any order of this Court, and at all times counsel for DermaConcepts has treated Plaintiff, who is currently proceeding *pro se*, professionally and respectfully, as it would any party or attorney. Plaintiff's Motion is meritless and should be denied.

**BACKGROUND**

On October 8 and 14, 2025, DermaConcepts served Plaintiff's counsel with written discovery. On October 23, 2025, Plaintiff's counsel filed a motion to withdraw, citing irreconcilable differences with Plaintiff. *See* ECF No. 41.

On October 24, 2025, this Court granted Plaintiff's counsel's motion to withdraw, stayed discovery for 30 days to allow Plaintiff to find new counsel, and ordered that the parties file a joint status report on December 3, 2025 (the "Order"). *See* ECF No. 42. By mid-November 2025, counsel for DermaConcepts had not heard from Plaintiff regarding her search for new counsel. With the stay set to expire on November 25 (the Tuesday before Thanksgiving) and the joint status

report due on December 3 (the Wednesday after Thanksgiving), counsel for DermaConcepts on November 18 sent Plaintiff a brief introductory letter regarding the upcoming deadlines in the case. *See* ECF No. 49 at Ex. A.

The November 18, 2025 letter explained that the parties had a joint status report due to the Court on December 3, 2025, reminded Plaintiff that discovery would resume shortly, and noted that DermaConcepts had not received a response to the substantive settlement proposal it sent to Plaintiff's previous counsel on September 15, 2025. *See id*. Counsel for DermaConcepts attached to the Letter the Order, a draft joint status report, and copies of the discovery requests it had served on Plaintiff's previous counsel on October 8 and 14, 2025, *before* the stay had been ordered. *See id*. The Letter was sent to Plaintiff via email and Federal Express, as counsel for DermaConcepts had not previously corresponded with Plaintiff and wanted to ensure that she received the letter and enclosed documents. In the email to Plaintiff attaching the letter, counsel for DermaConcepts also attached a Microsoft Word version of the joint status report and a deposition notice, noticing Plaintiff's deposition for January 13, 2026, after the stay was scheduled to end. Declaration of William A. Ringhofer ("Ringhofer Decl.") at ¶ 3. These communications did not seek any discovery from Plaintiff while the stay was in effect. *See id*.; ECF No. 49 at Ex. A.

Over the following two weeks, Plaintiff and counsel for DermaConcepts corresponded via email regarding Plaintiff's motion requesting an extension of the stay of proceedings (which DermaConcepts did not oppose) and the joint status report. *See* Ringhofer Decl. at ¶ 4. The joint status report was filed on December 3, 2025, in accordance with the Order. *See* ECF No. 46.

On December 2, 2025, Plaintiff emailed counsel for DermaConcepts and stated that she would not "be accepting the deposition notice" that had been served on her on November 18, 2025. *See* ECF No. 49 at Ex. B. Counsel for DermaConcepts stated in its reply email that it did "not

2

intend to take [Plaintiff's] deposition until after the Court's recently imposed deadline of January 8, 2026 for [Plaintiff] to find counsel," and requested that Plaintiff provide dates for her availability for a deposition between "mid-January … and the end of February." *Id*. DermaConcepts' counsel also noted that it would make sure that whatever date was chosen for her deposition would work for Plaintiff's counsel, if such counsel was engaged. *Id*. Neither DermaConcepts nor its counsel heard from Plaintiff regarding this issue until she sent a draft motion for sanctions on December 10, 2025. Plaintiff filed the Motion on December 11, 2025. ECF No. 48.

## ARGUMENT

The Motion is premised on Plaintiff's mischaracterization of DermaConcepts' communications. Plaintiff complains that counsel for DermaConcepts communicated with her during the stay regarding the resumption of discovery *after* the stay expired, and the drafting of a joint status report that was due a mere week after the stay expired (with the Thanksgiving holiday in the interim). None of these communications sought discovery in violation of the Order. The communications were for the purpose of helping the parties fulfill their obligations to the Court and keep this lawsuit moving. Further, as demonstrated by the exhibits to Plaintiff's own affidavit, counsel for DermaConcepts was at all times professional and respectful in its communications with Plaintiff. *See* ECF No. 49 at Exs. A and B. There is absolutely nothing sanctionable about DermaConcepts or its counsel's conduct. *See Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 391 (7th Cir. 2002) (courts should use their inherent authority to impose sanctions "sparingly").[1]

---

[1] Plaintiff cites *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006) for the proposition that a court has the inherent authority to "impose sanctions for litigation conduct that is abusive or in bad faith." *See*, Motion at 3. But that case did not involve the application of that inherent authority, and the decision does not contain that quotation.

3

## CONCLUSION

DermaConcepts and its counsel's communications with Plaintiff were proper in all respects. Plaintiff's motion is without basis and should be denied.

DERMACARE USA CORPORATION
d/b/a DERMACONCEPTS

By: /s/ *Richard R. Winter*
        One of Its Attorneys

Richard R. Winter
William A. Ringhofer
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
richard.winter@hklaw.com
william.ringhofer@hklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, the foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** was served upon Plaintiff via email and Federal Express.

/s/ *William A. Ringhofer*