



BC MAN
FILED
1/7/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEALY L. SKELDON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DERMACARE USA Corporation d/b/a ) <br> DERMACONCEPTS, Robert Lewis Trow, ) <br> Carol Smira Trow, Michael Lucich, and ) <br> Brittany Pike ) <br> ) <br> Defendants. | Case No. 1:25-cv-06078 <br><br> District Judge Joan B. Gottschall <br><br> Magistrate Judge Jeffrey T. Gilbert |

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiff Nealy L. Skeldon (Ms. Skeldon), proceeding pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 41(a)(2), for an order granting the voluntary dismissal of her complaint without prejudice.

## ARGUMENT IN SUPPORT OF DISMISSAL

Plaintiff Nealy L. Skeldon, now proceeding pro se, seeks dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). This request is not born from a desire to evade an adverse ruling or to engage in tactical maneuvering. Rather, it is a necessary measure to remedy the substantial and cumulative prejudice Ms. Skeldon has suffered due to a pattern of ineffective representation from two consecutive sets of legal counsel. The failures of prior counsel have left her unable to effectively prosecute her claims and have placed her at a severe disadvantage, necessitating a procedural reset to allow her the opportunity to secure competent representation and litigate this matter on its merits.

**I. A Pattern of Ineffective Counsel Has Prejudiced Plaintiff from the Inception of this Case.**

Ms. Skeldon's ability to pursue her claims has been compromised from the outset of this action. Her difficulties began with her initial counsel, Vlad Valentine Chirica of Chirica Law (Mr. Chirica), whose conduct created foundational flaws in the case:

1. Mr. Chirica erroneously advised Ms. Skeldon to forgo filing a claim with the EEOC, barring her from pursuing federal retaliation claims,
2. Misrepresented his ability to litigate in federal court, and was forced to withdraw upon the state court filing being removed to federal court,
3. Prior to filing the complaint in state court, Mr. Chirica provided Ms. Skeldon with an "envelope number" to prove he had filed the action in the Circuit Court of Cook County, Chancery Division, only to be verified with the clerk of the Chancery Division that the envelope number was not used for Ms. Skeldon's state court filing,
4. Which has resulted in an ARDC complaint, that on December 12, 2025 was reassigned by the Commission from it's Intake Division to it's Litigation Division, and a litigation attorney assigned. (*See Exhibit A*)

Mr. Chirica's actions, and inactions, while representing Ms. Skeldon, punctuated by official escalation by a state regulatory body provides objective corroboration of the severity of the initial prejudice Ms. Skeldon suffered prior to, and well after this action was removed to federal court.

Forced to find new representation on short notice, Ms. Skeldon retained Williams, Bax & Saltzman ("WBS") on June 16, 2025, only to find the representation provided by WBS only deepened the prejudice she faced. The firm's inaction was particularly egregious given that it coincided with a significant personal health crisis for Ms. Skeldon. In early August 2025, Ms. Skeldon was forced to undergo an emergency surgery, and a seven week medical leave. During this vulnerable period of recovery, WBS repeatedly promised to file a motion to invalidate the non-compete agreement—a matter critical to Ms. Skeldon's ability to earn a living—but failed to do so. As documented on October 16, 2025 in an email to Tom Koessl and Hilarie Carhill, the firm's failures during its four-month representation were extensive:

1. WBS failed to produce a single substantive document on its letterhead to opposing counsel,

2. Repeatedly ignored Ms. Skeldon's urgent requests to file a motion to invalidate the non-compete agreement, an issue critical to her ability to earn a living, particularly while she was on medical leave,

3. Failed to respond to DermaConcepts's September 15, 2025 settlement offer, missing their own deadline of September 30 to send a counteroffer,

4. Took no action to challenge DermaConcepts's discovery demands,

5. Failed to communicate with Ms. Skeldon ignoring several of her emails with detailed questions, and sent an unsupported settlement demand to opposing counsel without her approval.

When Ms. Skeldon formally documented these failures in a detailed email sent to WBS on October 16, 2025, the firm responded by promptly terminating its representation on October 17, 2025, stating it was 'best to part ways.' Thus, after Ms. Skeldon attempted to hold her counsel accountable for their inaction during her medical leave, she was left without any legal representation for the second time in this matter.

**II. Dismissal is Necessary to Allow Plaintiff to Secure Competent Counsel and Prosecute Her Case on the Merits.**

The serial nature of the ineffective representation Ms. Skeldon has received has left her case in a compromised and untenable position. Through no fault of her own, she has been severely handicapped by the very representatives she hired to protect her interests. She now finds herself pro se, facing an aggressive adversary, with a case history marred by the procedural and strategic missteps of two different law firms.

The prejudice caused by former counsel is not merely theoretical; it has created tangible barriers to Ms. Skeldon's ability to move forward. In her diligent efforts to find new representation, Ms. Skeldon has been repeatedly advised by prospective attorneys that the case is now overly complex and unraveling the existing mishandling would be cost prohibitive. Compounding the issue is the financial burden Ms. Skeldon has already borne in retainers and

3

attorney's fees, causing financial strain, that makes retaining a third firm on an hourly basis to correct the errors of others an insurmountable obstacle.

The Court's December 16, 2025 Order has now created an additional urgency that underscores the need for dismissal. The Court set a firm deadline of February 9, 2026, for Ms. Skeldon to respond to all outstanding discovery and made clear that the stay "will not be extended." [Dkt. No. 52]. This timeline, combined with the case's procedural history and financial burdens, leaves Ms. Skeldon with no viable path forward in the current action. Finding competent new counsel willing to take on a procedurally tangled case and get up to speed in time to meet this imminent deadline has become nonviable, and cannot be reasonably expected to adequately represent herself against a well-resourced adversary under such pressure.

Dismissal without prejudice is the only equitable remedy. It will provide Ms. Skeldon with the necessary opportunity to secure competent counsel who can properly investigate the claims, and remedy the errors of prior counsel. The purpose of this motion is not to delay or harass, but to level a playing field that has been severely tilted by the failures of her own former attorneys.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(2), once a defendant has filed an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss an action only by court order. The decision to grant such a dismissal "is within the sound discretion of the district court." *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988).

The primary question for the court is whether the defendant will suffer "plain legal prejudice" as a result of the dismissal. *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969). The mere prospect of a second lawsuit is not sufficient to constitute plain legal prejudice. *Id*. In assessing potential prejudice, courts in the Seventh Circuit consider several factors, including: (1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) the sufficiency of the plaintiff's explanation for the need to take a dismissal; and (4) the fact that a motion for summary judgment

4

has been filed by the defendant. *Id*. Here, no summary judgment motion is pending, discovery has barely begun, and Ms. Skeldon's explanation demonstrates that the need for dismissal stems from the failures of prior counsel, not her own lack of diligence.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Nealy L. Skeldon respectfully requests that the Court grant her motion and enter an order dismissing this action without prejudice, on such terms as the Court deems just and proper.

Respectfully submitted,

*/s/ Nealy L. Skeldon*

Nealy L. Skeldon, Plaintiff Pro Se

9438 Trillium Lane

Orland Park, IL 60487-1002

P:(773) 573-4644

skeldonlegal@gmail.com

## **CERTIFICATE OF SERVICE**

I, Nealy L. Skeldon, hereby certify that on November 24, 2025, I served a true and correct copy of the foregoing Plaintiff's Motion for Voluntary Dismissal Without Prejudice via email to counsel of record for Defendant:

Douglas R. Sweeney

HOLLAND & KNIGHT LLP

10 St. James Avenue, 11th Floor

Boston, MA 02116

Douglas.Sweeney@hklaw.com

*/s/ Nealy L. Skeldon*

Nealy L. Skeldon

# Exhibit A

 ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

3161 West White Oaks Drive, Suite 301
Springfield, IL 62704
(217) 546-3523  (800) 252-8048
Fax (217) 546-3785

Nealy Skeldon
By email: nealyskeldon@gmail.com

Chicago
December 12, 2025

Re:  Vlad Valentin Chirica
     in relation to
     Nealy Skeldon
     No. 2025IN02747

Dear Ms. Skeldon:

    This investigation has been reassigned from the Intake Division of the Commission to its Litigation Division. Accordingly, the undersigned is now the attorney responsible for this investigation. Please send all documents and correspondence to my attention and direct any inquiries regarding the status of this matter to me. Thank you for your cooperation.

Very truly yours,

*/s/ M. Katherine Boychuk*

M. Katherine Boychuk
Litigation Counsel
ARDC Litigation Division -Chicago

MKB:vja

4922-7928-4097, v. 1